# COURT OF ERRORS AND APPEALS.

Viola M. Newell, Owner, and Edward M. Newell, Agent and Contractor, Defendants below Appellants, *vs.* Thomas S. Hampton, Plaintiff below Respondent.

WRIT OF CERTIORARI TO THE SUPERIOR COURT FOR NEW CASTLE COUNTY.

**Certiorari.**—Certiorari is not a writ of right issued as of course, but is to be allowed *ex debito justitiæ* only upon application addressed to the judicial discretion of the Court.

**Same.**—A certiorari issued by the Clerk of the Court without previous application to, and leave of the Court is improvidently issued, and will be quashed on motion, notwithstanding an appearance has been entered for the respondent.

This was a writ of certiorari issued in vacation by the Clerk of the Court of Errors and Appeals to the Superior Court for New Castle county. The cause of action in the Superior Court was a mechanics' lien claim filed, upon which a *scire facias* was issued. At the return term of said *scire facias* the defendant appeared and suffered judgment by default. Thereupon the plaintiff below issued his *levari facias,* whereupon the defendant below sued out of the Court of Errors and Appeals, in vacation, a writ of certiorari to the Superior Court, and caused a citation to be issued to the plaintiff below, the defendant below having previously to the issuing of the writ given security which was approved in vacation by the Chancellor. At the return term of the certiorari and of the citation the respondent caused an appearance to be entered for him in that Court, and the defendant below filed exceptions and also alleged diminution, whereupon the Court of Errors and Appeals made an order, returnable to the next term, requiring all the proceedings below to be sent up. At the second term a motion was

made by counsel for the respondent to quash the writ of certiorari on the ground that it had been improvidently issued.

The motion was heard before WOLCOTT, Ch., LORE, C. J., and GRUBB, J.

*Lilburne Chandler*, for the respondent, in support of the motion. A certiorari is a writ issuing from a superior court to an inferior court, tribunal or officer exercising judicial powers, whose proceedings are summary, or in a course different from the common law commanding the latter to return the records of a cause depending before it to the superior court; 3 Am. and Eng. Ency. Law 60; *Farmington vs. Commissioners*, 112 Mass. 206; Tidd, Practice 397; *Williamson vs. Carmon*, 1 Gill and J. 196–197; *Greenville vs. Burwell*, 1 Salk 263; *In Re. Kensington etc. Turnpike Co.*, 97 Pa. 260; *Poe vs. Machine Works*, 24 W. Va. 517–518; *Bath vs. Magowen*, 8 Greenl. (Me.) 293; *Huse vs. Gonnis*, 2 N. H. 210; *State vs. Shelby County*, 16 Lea (Tenn.) 245.

The writ of certiorari is not a writ of right. It rests in the *sound discretion* of the Court to grant or refuse it, under the circumstances of the case; *Flourneg vs. Payne Adm.*, 28 Ark. 87; *Farmington vs. Commissioners*, 112 Mass. 206; *Bath vs. Magowen*, 8 Greenl. (Me.) 293; *Knapp vs. Keller*, 32 Wis. 467; *State vs. Shelby County*, 16 Lea (Tenn.) 245.

There are two classes in which a common law certiorari will lie: (1) When it has shown that the inferior court or jurisdiction has exceeded its jurisdiction; (2) Where it is shown that the inferior court or jurisdiction has proceeded illegally and no appeal or writ of error will lie. The office of the common law writ of certiorari simply brings before the Court for inspection the record of the inferior tribunal, and its judgment affects the validity of the record alone; *Hyslop et al. vs. Finch*, 55 Ill. 171–177.

The writ of certiorari and the writ of error are alike in that they both command the record to be brought up to the Superior Court. No more will be brought up upon a certiorari than upon

Argument.

a writ of error. The writs differ in that the writ of error is a remedy provided for correcting errors at law in actions and proceedings according to the common law, while the writ of certiorari is the remedy for correcting errors in proceedings not according to the common law.

The office of the common law certiorari is, in strictness, merely to bring up the record of the proceedings in an inferior court or tribunal to enable the court of review to determine whether the former has proceeded within its jurisdiction and not to correct mere errors in its proceedings ; *People vs. Betts*, 55 N. Y., 600–602.

A writ of certiorari lies only to correct errors of law and not to revise a decision of a question of *fact* from the evidence introduced at a hearing in the inferior court, or to examine the sufficiency of the evidence to support the finding, unless objection was taken to the evidence for incompetency, so as to raise a legal question; *Farmington &c., Co. vs. Commissioners*, 112 Mass., 206 ; *Cousens vs. Cowing*, 23 Pick., 208 ; *Nightingale Case*, 11 Pick., 168.

Where its scope is not enlarged by statute, certiorari lies only to correct errors in *law*, and not to review the evidence. The errors must appear on the record ; 3 Am. and Eng. Ency. Law 62 ; *McAllelley et al. vs. Hoston et al.*, 75 Ala. 491–492 ; *Cent. R. R. vs. Placer Co.*, 46 Cal., 665–667 ; *Betts vs. Warren*, 5 Harring. 4 ; *Will amson vs. Carmen*, 1 Gill & J. (Md.), 196–197 ; *Lapan vs. County Commissioners*, 65 Me. 160–161 ; *In Re Kensington, etc., Turnpike Co.*, 97 Pa. 268.

A writ of certiorari does not lie where the matter sought to be reviewed rests in the discretion of the tribunal below; *Hildredth vs. Crawford*, 65 Ia. 339–345 ; *Supervisors vs. Auditor*, 27 Mich. 165–166 ; *Livingstone vs. Rector*, 45 N. J. L. 230 ; *Commonwealth vs. Kane*, 2 Jones (N. C.) 288–291 ; *People vs. Supervisors*, 15 Wend. 198; *Keys vs. Marine Co.*, 42 Cal. 255.

The writ of certiorari does not lie when an appeal, writ of error, or other mode of review is given ; *Dean vs. State*, 63 Ala.

154; *People vs. Turner*, 1 Cal. 152–156; *Ennis vs. Ennis*, 110 Ill. 78–79–81–82; *Edgerton vs. Mayor*, 18 Fla. 528–530; *Commonwealth vs. Kane*, 2 Jones (N. C.) 288–291.

Inasmuch as this is not a writ of right issuing as of course, an appearance has no effect to cure the defect in the proceedings. An appearance in some cases operates as a waiver of formal or technical defects, but it cannot have the effect of giving jurisdiction when none existed without it.

*Walter H. Hayes* (with whom was *J. Frank Ball*), for the appellant, opposed the motion, contending that the writ of certiorari and the citation were merely *process* issued to bring up the record and to bring the defendant into Court; that, therefore, any irregularity or defect, if any there were, in the issuing of the same, had been waived by respondent when he caused his counsel to enter an appearance for him in the cause. And that having failed to take advantage of the irregularity and defect at the earliest period, to wit, at the first term, he had waived it and would not be permitted at this, the second term, to make this objection; *Lewis vs. Hazell*, 4 Harring. 475.

*June 21, 1893.*

PER CURIAM.—The allowance of a writ of certiorari is a matter of sound judicial discretion. That it is not a matter of right necessarily follows from the fact that it may be denied in some cases, as where there is otherwise an adequate remedy, or the point involved is a matter of no serious complaint or injury. So where substantial justice has been done, though the record may show the proceedings to have been defective and informal, but only technical errors or inaccuracies appear. It is only where the writ is given as a statutory remedy for review that it issues as a matter of course. Accordingly it was held by this Court in *Cook vs. Wilmington City Electric Co.* that, where the writ had been issued as it has in this case, without application to and leave granted by the Court, it should be quashed. Where the writ has been im-

providently issued without application to the Court, the defect is not cured by an appearance, and on the authority of *Cook vs. Wilmington City Electric Co.* it is ordered that the writ in this case be quashed.