LANHAM AND BRO. vs. JACOBY, ET AL.    493

OPINION.

Defendant fully understands the case.   The narr is  perfectly good, and perhaps drawn a little  fuller  than  it  was  necessary  for plaintiffs to allege.

How much stronger is the case at bar where the breach of the condition is simply the nonpayment of money.   In Randall case it was the nonperformance of an act which might have been  done in various ways.   Court held these were mere matters of proof.

LORE, C. J. :—While we do not attempt to specify what  particularity  must  be  entered  into  in  assigning  breaches, we  hold that this narr does not assign the breaches  with  sufficient  particularity.

Demurrer sustained.

———o———

GEORGE  W.  DUNCAN  vs.  MERRITT  N.  WILLITS,  et  al.,  Levy Court Commissioners of New Castle County.

*Assumpsit—Action ; Right  of—Parties  defendant— County—Levy Court Commissioners—Actions ex-contractu—Tort— Cammon Law.*

Neither an action of tort, nor an action *ex-contractu*, will lie against a county, or the levy court commissioners who represent the county.   There is no more reason to except from the common law rule the action *ex-contractu* than the action of tort.

(*December 3, 1903.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*John H. Rodney* for plaintiff.

*Horace G. Knowles* for defendants.

Superior Court, New Castle County, November Term, 1903.

ACTION OF ASSUMPSIT, (No. 88, September Term, 1902).

This was an action for the value of certain dirt belonging to the plaintiff and taken from his farm in St. Georges Hundred, New Castle county, and used by the said defendants for New Castle county in the construction and repair of roads. The plaintiff introduced evidence tending to prove the taking of the said dirt by the defendants, the amount thereof, and its value, and closed.

Thereupon Horace G. Knowles, attorney for defendants, moved for a nonsuit, and presented the following brief in support of said motion:

### DEFENDANT'S BRIEF.

A county is one of the political divisions of the State, signifying a community, clothed with such extensive authority and political power as may be deemed necessary by the superior controlling power of the State for the proper government of its people residing within its borders, and for a proper administration of its local affairs.

A county is not a person in any sense; it is not a corporation. It cannot sue or be sued, except where specially permitted by statute, and such permission can be withdrawn or denied at any time the Legislature may think proper.

*Emery County vs. Burresen, 14 Utah, 328.*

Against a Sovereign there are no remedies except such as the Sovereign may accord.

*Taylor vs. Salt Lake County, 2 Utah, 405 ; Hunsaker vs. Borden, 5 Cal., 288 ; State vs. Taylor, 14 Wash., 495 ; Chicago vs. Hasley, 25 Ill., 595.*

In this case a Sovereign is one of the contracting parties for the government of the county of Contra Costa, is a portion of the

State government, and as against a Sovereign there are no remedies except such as the Sovereign in the exercise of that good faith by which all governments are presumed to be attached, may accord. The State government, neither in its general nor its local capacity can be sued by her creditors or made amenale of judicial processes except by her own consent. Her creditors must rely solely upon her good faith as to the time, mode and measure of the payment.

*Sharp vs. Contra Costa County, 34 Cal., 284.*

"No action at law will lie against a county."

*Ward vs. The County of Hartford, 12 Conn., 404; Russel vs. Devon County, 2 T. R., 667; Markey vs. Queen's County, 154 N. Y., 675; Hughes vs. County of Monroe, 147 N. Y., 49.*

"Counties, being sub-divisions of the State and instrumentalities of government exercising authority given by the State, are no more liable for the acts or omissions of their officers than the State."

*Jasper County vs. Allman, 142 Ind., 572.*

The doctrine that an unincorporated county cannot be sued has been before the Court in this State and adopted.

*Carter vs. Wilds, et al., Commissioners of the Levy Court of Kent County, 8 Houst., 14.*

SPRUANCE, J.:—We have considered the motion for a nonsuit with as much care as possible within the limited time afforded us.

It was a rule of the common law that counties could not be sued, and that their capacity in that regard depended upon statutory enactments; for the reason that the several counties of a State are political divisions exercising a part of the sovereign power of the State.

Except cases of mandamus, of which there are several, we have been able to find but one reported case in this State of an action against the Levy Court Commissioners of a county, viz. :

*Carter vs. Wilds, et al., Commissioners of the Levy Court of Kent County, 8 Houst., 14.*

That was an action of tort, to recover damages for injuries sustained by the breaking down of a bridge, which it was the duty of the levy court commissioners to maintain in good order.

The Court granted a nonsuit, COMEGYS, C. J., stating "that the overwhelming weight of authority seemed to be in favor of the proposition that no action of tort will lie against such a public division of the State as the county or such a body as the levy court," and adding that "the case cited from *2 Wallace, 501, Levy Court vs. The Coroner*, was an action of assumpsit on a contract between the parties."

The extent of this decision was that an action of tort does not lie against a county or the levy court. There has been no express decision in this State that an action *ex-contractu* would not lie against a county, but we are not able to see our way to the conclusion that there is any essential difference, or any sufficient reason to except a case *ex-contractu* from the general common law rule that actions will not lie against a county—or the levy court commissioners who represent the county.

We therefore, with regret, feel constrained to grant this motion for a nonsuit.

The plaintiff has the option to refuse the nonsuit, in which case we shall instruct the jury to find for the defendants.

*Mr. Rodney :*—The plaintiff declines to take a nonsuit.

*Mr. Knowles :*—I ask that the jury be instructed to bring in a verdict for the defendant.

SPRUANCE, J., charging the jury :

Gentlemen of the jury :—For the reasons which we have stated in granting the motion for a nonsuit, we instruct you to find a verdict for the defendant.

Verdict for defendant.