## Erpenbeck v. City of Covington.

(Decided March 6, 1934.)

BLAKELY & MURPHY for appellant.
SAMUEL W. ADAMS and RALPH P. RICH for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

August Erpenbeck, plaintiff below, instituted this suit in the Kenton circuit court against the city of Covington to recover damages for personal injuries received by him while in the employment of the city.

It is alleged in the petition, in substance, that in January, 1932, plaintiff was employed by the city to clean the walls and ceilings in that part of the city hall of the city of Covington, set apart by the city for the use of the clerk of the Kenton circuit court; that in order to perform the work and duties assigned to him, it was necessary for him to work upon a scaffold or platform furnished by the city, and while engaged in the work on the scaffold or platform, which was defectively constructed and built, and because of its insecure and defective construction, it fell with him and as a result of the fall he sustained very serious personal injuries described in the petition. The defendant filed demurrer to the petition which was overruled.

The defendant city filed its answer denying certain allegations of the petition and in paragraph 2 of the answer it pleaded an act of the General Assembly of the commonwealth of Kentucky enacted in the year of 1850 (Laws 1849-50, c. 176, p. 21), which act provides, in part, that the judge of the fourth judicial district shall hold annually three terms of the Kenton circuit court in the city of Covington at such place as the city council shall provide; that pursuant to the provisions of the said act the city of Covington did provide and maintain a courthouse in the city of Covington including a suitable courtroom for the Kenton circuit court and the Kenton circuit court clerk, and has since that time continually maintained same as it was and is required to do under the provisions of the said act of the General Assembly, as one of the governmental functions of the city for which it has never received any compensation or other pecuniary benefits, and that when plaintiff received his alleged injuries complained of, he was engaged in cleaning the walls and ceilings of that part of the courthouse or building provided, used, and maintained for the clerk of the Kenton circuit court and for the purpose of making it clean and sanitary and a suitable place for keeping and preserving the records of the court and for the use and benefit of the officers of the court; that at the time and place plaintiff was injured, he was engaged in the exercise of a purely governmental function for and on behalf of the city, a duty enjoined upon it by the acts of the General Assembly, and it was therefore engaged in a governmental function and not responsible to plaintiff for the injury complained of.

Plaintiff filed a demurrer to the answer and without waiving same filed his reply in which he denied that the acts of General Assembly pleaded and relied on by the city as a defense required the city to provide and maintain a courthouse in the city of Covington or to provide offices for the circuit court officers including the clerk of the circuit court, except that in order to have terms of the Kenton circuit court held in the city of Covington, it agreed to furnish and has for many years last past furnished a courtroom and offices for the circuit clerk and other officers of the circuit court, in return for the benefits which the city has thus received as result of the holding of the terms of the circuit court at Covington. He denied that it was the duty of the city of

Covington to furnish such offices in the city building, and that under the law the city had the right to provide such offices at any such place as the city council might provide, and further denied all other material allegations of the answer.

The cause was submitted on plaintiff's demurrer to the answer, and, after a consideration of the whole record, the court carried the demurrer back to the petition and sustained same to the petition and overruled it to the answer, and also sustained the demurrer to the reply. Plaintiff refused to plead further and the court dismissed his petition. Hence this appeal.

It is conceded that a municipality is not responsible in damages for a personal injury resulting from its acts when engaged in the performance of a governmental function. Hence, the sole question involved in this case is whether or not the appellee, city of Covington, was engaged in a governmental function or a quasi private or ministerial duty in the performance of the work in which appellant was engaged when he received the injury sued for.

It is the contention of appellant that the city was not engaged in a governmental function but was acting as a mere landlord. It is further argued that there was no duty imposed upon the city by the Legislature under the Acts of February 21, 1850, to furnish offices for the circuit court. Appellant cites a number of cases which, he contends, sustain his position. But the cases relied on by appellant are decisions which are based upon the general laws relating to the subject, without the intervention of any statute. The defense here is based upon the statute.

The Acts of February 21, 1850, referred to herein, was construed in the case of Nienaber v. Tarvin, 104 Ky. 149, 46 S. W. 513, 516, 20 Ky. Law Rep. 451, wherein the question involved was whether the city of Covington was required to supply furniture or conveniences for either the judge's office or the master commissioner's office. In that case, supra, the circuit court attempted, by summary proceedings, to force the general council of the city to furnish the courtroom and other offices connected therewith, with proper furniture and fixtures.

After referring to and reviewing the Act of 1850, the court, among other things, said:

"Therefore the city of Covington is legally bound to keep the court room and offices connected therewith in such condition as that the records and papers may be safely preserved, and the business of the court properly transacted. * * *"

And further said the court:

"So, although the circuit court may not, by the summary proceeding now complained of, coerce performance, by the general council, of that obligation, the members' of that body may be indicted for non-performance of it, and punished, if it appear upon the trial of the prosecution they have not kept the court room, offices connected therewith, and jail in proper condition. Moreover, now that the legal duty of the city of Covington has been judicially ascertained, popular intelligence and sense of. right may be relied on to provide a reasonably safe, commodious, and comfortable court room and other offices necessary for the transaction of the business of the court."

If the duty of the city to furnish offices for the circuit court were merely contractual or quasi private, evidently the court would not have said that the members of the city council may be indicted for the nonperformance of its duty in failing to provide and furnish such offices. An indictment against public officers lies only for nonperformance of a public function or duty. This was tantamount to saying that it was a public duty of the city to furnish a circuit courtroom and other offices in connection therewith, necessary for the proper administration of the court.

A few years later, in 1904, the construction of this same act (1850) was again involved in the case of the City of Covington v. Kenton County et al., 82 S. W. 392, 394, 26 Ky. Law Rep. 677. In this case the city of Covington undertook to collect rents from the county of Kenton for the use of offices provided for its officers. This court held that the city could not collect such rents, and, in the opinion, referring to the Nienaber v. Tarvin Case, supra, said:

"The court, after considering the previous legislation (Acts of 1850), held that the city of Covington was legally bound to keep the courtroom and offices connected therewith in proper condition."

The Acts of 1850 does not literally say that the city is legally bound to furnish such courtroom or offices in connection therewith for the circuit court of Kenton county, but it was, evidently, the intention and purpose of the statute to require the city to furnish such offices. When a statute has been construed by a court of last resort, such construction is as much a part of the statute as if plainly written therein.

In Coleman v. Greene, 239 Ky. 680, 40 S. W. (2d) 283, 284, the rule is stated thus:

"* * * When a legislative enactment of doubtful character has been construed by a court of last resort, and this construction has been acquiesced in, not only by the parties affected, but by the legislative branch of the government for a period of years, that it must be accepted as correct, and that in considering the statutes interpreted they must be read in connection with the opinion of the court, and, in fact, the opinion becomes in effect a part of the statute binding upon all persons asserting rights under it or whose interests are affected by it."

And citing McChesney v. Auditor, 104 S. W. 714, 31 Ky. Law Rep. 1038.

It having been determined that the city of Covington was legally bound to furnish and maintain the offices in question for the benefit of the circuit court, it necessarily follows that when in the performance of this duty, it was performing a public or governmental function and, therefore, not responsible for its alleged negligence in the performance of such duties. The trial court did not err in sustaining the demurrer to the petition.

Wherefore the judgment is affirmed.