11 N.J. Super. 282 (1950)
78 A.2d 149
VALERIE TRIPUS, AN INFANT BY HER GUARDIAN AD LITEM, JOHN TRIPUS, AND JOHN TRIPUS, INDIVIDUALLY, PLAINTIFFS,
v.
DOROTHY PETERSON AND FLEMINGTON-RARITAN BOARD OF EDUCATION, DEFENDANTS.
Superior Court of New Jersey, Hunterdon County Court Law Division.
Decided December 22, 1950.
*283 Mr. Clyde C. Jefferson, for the motion.
Mr. Myron L. Levy, contra.
LANCE, J.C.C.
This is a motion by one of the defendants, the Flemington-Raritan Board of Education, to dismiss the complaint on the ground that it fails to state a cause of action against it.
Valerie Tripus, by her guardian ad litem John Tripus, and John Tripus, her father in his individual capacity, bring suit against Dorothy Peterson, a physical education teacher, and the Flemington-Raritan Board of Education which operates the high school in which the infant plaintiff was a pupil at the time of her alleged injury. The complaint states that the infant plaintiff sustained injury when performing a headstand while in attendance at a physical education class under the supervision of its teacher, Dorothy Peterson.
The complaint contains six counts, each of which demands damages against both defendants. Judgment will be entered dismissing the Flemington-Raritan Board of Education as a party. Precedent exists in this State to support this decision in so far as the first, second, fifth and sixth counts are concerned.
However, the third and fourth counts charge liability against the board of education by reason of R.S. 18:5-50.4.
*284 Did the passage of R.S. 18:5-50.4 fasten liability upon a board of education where none existed before? This statute, passed in 1938, reads as follows:
"It shall be the duty of each board of education in any school district to save harmless and protect all teachers and members of supervisory and administrative staff from financial loss arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to any person within or without the school building; provided, such teacher or member of the supervisory or administrative staff at the time of the accident or injury was acting in the discharge of his duties within the scope of his employment and/or under the direction of said Board of Education; and said board of education may arrange for and maintain appropriate insurance with any company created by or under the laws of this State, or in any insurance company authorized by law to transact business in this State, or such board may elect to act as self-insurers to maintain the aforesaid protection."
Cursory examinations of the statute law of the American states fail to disclose similar legislation except in Connecticut (where the enactment has not yet been construed) and in New York.
R.S. 18:5-50.4 was copied from section 569-a of the Education Law of New York. The wording is almost identical. The New York courts have held that their statute does not create in the injured party a cause of action against the board of education. Massimilian v. Board of Education of School Dist. of City of Niagara Falls, 261 App. Div. 428, 25 N.Y.S.2d 978 (1941). The court there said in 1941, at page 981:
"We are led to the conclusion that the Legislature intended to and did use language that put into effect protection of the teacher and other employee actor, and not language intended to protect and give a cause of action to the injured person. Section 569-a of the Education law is clearly a statute for the benefit of the employee and the pleading of the same and the proof of it on trial may prejudice the defendants herein. The second cause of action in each complaint and the allegations thereof should be stricken from the complaint."
*285 It is to be noted that the New Jersey statute was enacted in 1938 and that the New York legislation was not construed by its courts until 1941. A statute adopted from another state will be presumed to have been adopted with the construction previously placed on it by the courts of that state. Rutkowsky v. Bozza, 77 N.J.L. 724 (E. & A. 1909). However, construction in another state after its adoption is not of such conclusive effect. Gilman v. Central Vermont Railroad Co., 93 Vt. 340, 107 A. 122, 16 A.L.R. 1102. Nevertheless, judicial interpretation by a sister state of an identical statute should be given careful consideration, despite the fact that our statute was enacted three years before the New York courts spoke.
It was not the intent of our Legislature to create a new cause of action in favor of an injured party by the passage of R.S. 18:5-50.4. It is merely a statute of indemnification. The Flemington-Raritan Board of Education will be dismissed as a party in this action.