T. EARLE BANKS v. E. EARLE DOWNING, C. WARDON GASS, HOWARD
    N. STAYTON, constituting the Public Building Commission for
    the City of Wilmington and for New Castle County.

(*February* 5, 1951.)

CAREY, J., sitting.

*Henry M. Canby* and *Edmund N. Carpenter, II*, (both of the firm of Richards, Layton and Finger) for plaintiff.

*William H. Foulk* and *Herbert L. Cobin* for defendants.

Superior Court for New Castle County, No. 690, Civil Action, 1949.

**CAREY, J.:**

Throughout his brief, the plaintiff treats the City Building and the County Building as one, but the Legislature has never done so. The two were authorized by separate Acts; title to them is held separately by Legislative mandate; the statute creating the Public Building Commission speaks of them as separate buildings, requires separate budgets for them, and imposes the cost of maintaining each upon the City and County, respectively. The situation, therefore, differs from that in *Bell v. City of Pittsburgh*, 297 *Pa.* 185, 146 *A.* 567, 64 *A. L. R.* 1542, where one building was shared by the City and the County. Furthermore, doubt has been expressed as to the correctness of the Bell decision by the Pennsylvania Supreme Court in *Hartness v. Alleghany County*, 349 *Pa.* 248, 37 *A.* 2d 18.

Is the Public Building Commission immune from suit

for negligence in maintaining the County Building? Under the decisions in this State, the answer must be in the affirmative.

In *Carter v. Wilds*, (1887) 8 *Houston* 14, 31 *A*. 715, the Superior Court held that no action of tort "will lie against such a public division of the state as the county or such a body as the levy court". In *Mayor and Council, etc. v. Ewing*, (1899) 2 *Penn*. 66, 105, 43 *A*. 305, 308, the Supreme Court cited the Carter case with approval, stating that the point was "well settled". In *Duncan v. Willitts*, (1903) 4 *Penn*. 493, 57 *A*. 369, the Superior Court held that an action of assumpsit will not lie against a county or the Levy Court Commissioners who represent the county. In *Gilmore v. Commissioners of Rehoboth*, (1937) 8 *W. W. Harr*. 124, 189 *A*. 284, the Superior Court again mentioned and accepted the Carter case as correctly decided, contrasting the rule applicable to counties with that governing towns and cities exercising non-governmental functions.

Even in the case of municipal corporations, the so-called "governmental function" theory has been accepted by our highest appellate Court in *Mayor and Council, etc. v. Vandegrift*, (1893) 1 *Marvel* 5, 29 *A*. 1047, 25 *L. R. A*. 538, and by the Superior Court in *Delaware Liquor Store v. Mayor and Council, etc.*, (1950, *Del. Super.*) 75 *A*. 2d 272.

The reason given by our Courts for the rule concerning county immunity is that suit against the State or any subdivision like a county is barred because the State is the sovereign and cannot be sued without its consent; a suit against the Levy Court is likewise barred because it would amount to a suit against the County. The additional reason, assigned in *The Alex Y. Hanna*, (*D. C. Del*. 1917) 246 *F*. 157, for barring suits against the Levy Court, namely, lack of corporate existence, seems not to have been mentioned in any reported decision of the State Courts.

Plaintiff's counsel strongly urges that the principle of county immunity is unsound; that a county should be responsible for torts arising out of its nongovernmental functions just as is a

town or city; and that the operation of the County Building is not strictly a governmental function. Whatever the true basis may be for exempting counties from tort actions, and however strong may be the arguments against it, the rule is too firmly settled in this jurisdiction for this Court to overturn it; if modern thought and conditions necessitate its elimination, that relief must come from the Supreme Court or the Legislature. Moreover, the reason for including a Levy Court within the exemption demands a similar holding with respect to the Public Building Commission, in so far as the County Building is concerned. In maintaining it, that Commission carries on a function which usually devolves upon a Levy Court. The money for operating this building comes entirely from County funds, with insignificant exception. Payment of any judgment could come only from County taxes. In short, a suit like the present one is as much an action against the County itself as would be one against the Levy Court.

�for the maintenance of a county courthouse is such a function. Even assuming, however, that it might be held that the Commission's immunity, like that of a municipality, applies only to governmental functions, this action would still be improper, ¿or the maintenance of a county courthouse is such a function. *County Commissioners v. Love*, 173 *Md.* 429, 196 *A.* 122; *Dineen v. City and County of San Francisco*, 38 *Cal. App.* 2d 486, 101 *P.* 2d 736. The incidental and insignificant use of extremely small portions of the building by others and the receipt of a trifling income therefrom does not change its essential character. *Hartness v. Alleghany County*, 349 *Pa.* 248, 37 *A.* 2d 18.

Because of the foregoing conclusions, it is unnecessary to determine the other questions raised. Defendant's motion for summary judgment must be granted.