CLARENCE W. THOMPSON AND RUTH M. THOMPSON, HIS WIFE, PLAINTIFFS-APPELLANTS, v. BOARD OF EDUCATION, CITY OF MILLVILLE, DEFENDANT-RESPONDENT.

Argued December 22, 1952—Decided January 19, 1953.

*Mr. Nathaniel Rogovoy* argued the cause for the appellants.

*Mr. Lawrence N. Park* argued the cause for the respondent (*Mr. M. Joseph Greenblatt*, attorney).

The opinion of the court was delivered by

OLIPHANT, J.   This is an action for personal injuries. The plaintiff-appellant Ruth M. Thompson was an invitee in the Millville. Memorial High School a few days after its opening for the fall term of 1950.   The school building had been cleaned and polished for the event and the cement corridor was highly waxed and polished.   The appellant claimed the slippery surface caused her to lose her footing and as a result of the fall she incurred a fracture of her hip and was otherwise seriously injured.

The theory of the complaint is that the defendant-respondent was guilty of active wrongdoing and positive acts of malfeasance whereby a nuisance was maintained by it. Actually, the insistment is the floor was too highly waxed and polished, that it was so highly waxed and polished that a dangerous condition was created.   The husband sued *per quod.*

At the trial of the issue in the Cumberland County Court judgment was entered on the pleadings in favor of the respondent on the ground that *R. S.* 18:5–30 was a complete

bar to the action. On appeal this judgment was affirmed by the Appellate Division, 20 *N. J. Super.* 419 (1952). This court granted appellant's petition for certification, 10 *N. J.* 344 (1952).

*R. S.* 18:5–30 provides:

"No school district shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."

This section first appeared in our law as a portion of *L.* 1933, *c.* 460, *p.* 1550, which reads as follows:

"An Act establishing the non-liability of counties, municipalities and school districts by reason of injury to the person from the use of any public grounds or buildings.
BE IT ENACTED by the Senate and General Assembly of the State of New Jersey:
1. No county, municipality or school district shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding.
2. This act shall take effect immediately. Approved January 10, 1934."

In the 1937 *Revision* the provisions of the statute were separated and assigned to two distinct chapters, (1) *R. S.* 18:5–30, applicable to school districts; and (2) *R. S.* 40:9–2, applicable to municipalities and counties. Except for this editorial change the language remains the same.

The argument of the appellant seems to be that due to enlargement of the doctrine of affirmative negligence or active malfeasance as applicable to municipalities and school districts in the line of cases starting with *Allas v. Rumson,* 115 *N. J. L.* 593 (*E. & A.* 1935), and continuing through *Milstrey v. Hackensack,* 6 *N. J.* 400 (1951), that this statute we are here concerned with should be given a different judicial construction from what it plainly says in so many words, or that it should be ignored. The statute is clear and unambiguous and there can be no question of the legislative intent to give school districts absolute immunity, and

while the decision of this court in *Terranella v. Union Building & Construction Co.*, 3 *N. J.* 443 (1949) was as to this statute *dicta*, we said specifically: "We come to this conclusion independently of the immunity we think is granted to the municipality under *R. S.* 40:9–2." The statute was construed as applicable to school districts in *Falcone v. Board of Education of Newark*, 17 *N. J. Misc.* 75 (*Common Pleas* 1939).

█ The argument that the statute has reference to mere negligence and not active wrongdoing is untenable. It is not so phrased and such an intention cannot be spelled out by implication. The language is broad and all inclusive and nothing is left to implication. The wisdom of the statute is for the decision of the Legislature and this court may not ignore the plain statement of public policy therein contained.

██ The further argument is made that *R. S.* 18:5–50.4 is designed to render municipalities ultimately liable in cases of negligence. This act imposes on school districts a duty to save harmless certain classes of employees from loss resulting from a judgment based on their negligence and provides that the school district may insure them against such liability. But that is not this case. The two acts are to be read together and given an effect each within their own sphere. Saving servants harmless is one thing; imposing liability for active wrongdoing is quite another. In the absence of a clear and unequivocal expression by the Legislature this court will not essay an enlargement of the statute by judicial interpretation. Since the only question argued on this appeal is the immunity granted the respondent against the appellant's action for her personal injuries the judgment necessarily must be affirmed. No costs.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For reversal*—None.