135 So.2d 816

**Daphne Hinson BROOKS**

v.

**BALDWIN COUNTY.**

**I Div. 989.**

Supreme Court of Alabama.

Dec. 21, 1961.

Reuben F. McKinley, Bay Minette, for appellant.

Jas. R. Owen, Bay Minette, for appellee.

STAKELY, Justice.

This is a suit brought by Mrs. Daphne Hinson Brooks to recover damages against Baldwin County, Alabama, for injuries alleged to have been sustained by her in falling on the stairs in the court house of Baldwin County. It is alleged in her complaint that she was taking her son to the draft board on the second floor of the Baldwin County Court House when she slipped and fell on an unlighted stairway, severely injuring her ankle and foot. The defendant county filed a demurrer to the complaint taking the position, among other grounds, that in maintaining a county court house the defendant was engaged in a governmental function.

The court sustained the demurrers of the county. The plaintiff took a non-suit because of such adverse ruling and brings this appeal to this court.

■ I. In Section 3, Title 12, Code of 1940 it is provided that every county is a body corporate with power to sue or be sued but this general provision that a county is a body corporate with power to sue and be sued does not deprive a county of immunity from a suit based on negligence so long as it is engaged in governmental functions. Laney v. Jefferson County, 249 Ala. 612, 32 So.2d 542; Garrett v. Escambia County Hospital Board, 266 Ala. 201, 94 So. 2d 762.

■ From an examination of the Alabama cases it appears that where the activities of a county are governmental there is no liability in the absence of a statute expressly declaring the liability. Moore v. Walker County, 236 Ala. 688, 185 So. 175. In the present instance so far as we can ascertain there is no statute specifically imposing responsibility on the county.

■ This brings us to the final question in the case. Was Baldwin County engaged in a governmental function in maintaining its court house? We consider that the maintenance of the county court house by Baldwin County was in the very nature of things a governmental function. Trials in the Circuit Court are held in the county court house. The probate court keeps its records and functions there. The county commissioners, tax collector, tax assessor and sheriff have their offices in and operate from the county court house. In the case of City of Bay Minette v. Quinley, 263 Ala. 188, 82 So.2d 192, this court held that in maintaining its offices for its police department in the county court house, the City of Bay Minette was engaged in a governmental function and could not be held liable for a defect in the steps used in connection therewith. In keeping with the reasoning in the case here referred to we think it necessarily follows that in maintaining a room in the county court house for a draft board the county should not be held liable for a defect in the stairway used in connection therewith.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.