87 N.J. Super. 426 (1965)
209 A.2d 660
HERTHA ZAPF, PLAINTIFF-APPELLANT,
v.
BOARD OF CHOSEN FREEHOLDERS, MIDDLESEX COUNTY, NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 12, 1965.
Decided May 3, 1965.
*427 Before Judges GOLDMANN, SULLIVAN and LABRECQUE.
Mr. C. Judson Hamlin argued the cause for appellant (Messrs. Pincus, Shamy & Sheehan, attorneys).
Mr. Robert T. Quackenboss argued the cause for respondent (Messrs. Burton, Seidman & Burton, attorneys).
The opinion of the court was delivered by SULLIVAN, J.A.D.
Plaintiff appeals from a summary judgment dismissing her complaint against defendant Board of Chosen Freeholders, Middlesex County, New Jersey. The complaint charged that plaintiff had sustained injuries when she slipped and fell on a wet floor in the county court house. The dismissal was predicated on the immunity given defendant under R.S. 40:9-2 which provides:
"No municipality or county shall be liable for injury to the person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."
*428 The facts are as follows. Plaintiff was attending at the Middlesex County Court House as a litigant in a case. On the day in question it was raining and she had entered the building when she slipped and fell on the wet terrazzo floor inside the doorway. The court house is owned and maintained by defendant county. Plaintiff concedes that it is a public building within the meaning of R.S. 40:9-2, supra, and that the activities and functions carried on therein are governmental.
Plaintiff contends that the statute is inapplicable for two reasons: (1) plaintiff has charged defendant with active wrongdoing in the construction and maintenance of its court house, and (2) defendant county carries liability insurance which covers the accident in question.
The statute was originally enacted as L. 1933, c. 460, approved January 10, 1934. As adopted, it applied to counties, municipalities or school districts. The Revision of 1937 divided the act into two parts, one relating to school districts being included in the title "Education" (R.S. 18:5-30), and the other applying to municipalities and counties being allocated to the title of that name (R.S. 40:9-2).
The contention that the statute is inapplicable where active wrongdoing is alleged was considered and rejected by our Supreme Court in Thompson v. Board of Education, City of Millville, 11 N.J. 207 (1953), it being held that the statutory language was broad and all inclusive and nothing was left to implication. This holding is dispositive of plaintiff's first point.
In support of plaintiff's argument that the statute does not apply because defendant is covered by liability insurance, reference is made to several decisions in other states holding that the obtaining of insurance coverage can act as a waiver of the common law municipal immunity from tort liability. Vide, City of Kingsport v. Lane, 35 Tenn. App. 183, 243 S.W.2d 289 (Ct. App. 1951); Bailey v. City of Knoxville, 113 F. Supp. 3 (E.D. Tenn. 1953), affirmed 222 F.2d 520 (6 *429 Cir. 1955); Marshall v. City of Green Bay, 18 Wis.2d 496, 118 N.W.2d 715 (Sup. Ct. 1963).
These holdings indicate the trend to limit common law municipal immunity from tort liability and are inapplicable. Here, we are dealing with an immunity established by legislative mandate. In considering the scope of this statute our Supreme Court in Schwartz v. Borough of Stockton, 32 N.J. 141 (1960), said this:
"Our duty, therefore, in determining applicability in a particular situation, is to give effect to the statutory command to the full extent of the law-makers' intent as we ascertain it, regardless of any view of the social desirability of the legislation. [citing cases] We cannot consider the question in the same way as we would one involving the judge-made doctrine of general municipal tort immunity." (at p. 148)
Plaintiff would have us read into the statute a proviso that it shall be inapplicable where the county or municipality is covered by liability insurance. However, this is such a radical change in the meaning of the statute that we cannot believe that the Legislature would have left it to implication rather than spell it out unequivocally in the statute. Thompson, supra.
The general rule followed by a majority of jurisdictions is that the procurement of liability or indemnity insurance by a governmental unit has no effect upon its immunity from tort liability. See Annotation, 68 A.L.R.2d 1437, "Liability or indemnity insurance carried by governmental unit as affecting immunity from tort liability."
In this State it has been held that the provision in N.J.S.A. 18:5-50.4, authorizing a board of education to arrange for insurance for the protection of its personnel from financial loss from negligent acts, did not affect the immunity granted a school district under R.S. 18:5-30 for injuries to the person from the use of any public grounds, buildings or structures. Thompson, supra; Tripus v. Peterson, 11 N.J. Super. 282 (Cty. Ct. 1950).
It must be conceded that where a municipality or county is covered by liability insurance the reasons for immunity *430 from tort liability largely disappear. However, the immunity here involved is a legislative direction absolute on its face. Modification of its scope and application is outside the province of the judiciary. Schwartz, supra.
Affirmed.