No. 55,095

PAUL E. GRIGGS, JR., *Appellee*, v. CITY OF GODDARD, KANSAS; CITY OF WICHITA, KANSAS; TIM MARTIN; BOARD OF COUNTY COMMISSIONERS OF SEDGWICK COUNTY, KANSAS, *Appellants*.

(666 P.2d 695)

Opinion filed July 15, 1983.

*David A. Gripp,* of Crockett & Gripp, of Wichita, argued the cause and was on the brief for appellants.

*Ted L. Peters,* of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

MCFARLAND, J.: This is an interlocutory appeal by defendant Board of County Commissioners of Sedgwick County from the order of the district court overruling said defendant's motion to dismiss predicated upon governmental immunity pursuant to K.S.A. 1978 Supp. 46-902(*b*).

The uncontroverted facts may be summarized as follows. On May 17, 1979, plaintiff Paul E. Griggs, Jr., was arrested by defendant Tim Martin, a police officer employed by defendant City of Wichita. The reason for the arrest was a traffic warrant issued by defendant City of Goddard. Officer Martin escorted plaintiff to the Sedgwick County Courthouse wherein the Wichita Police Department booking desk was located. The police vehicle was parked in the courthouse parking lot. The two men then started walking across the courthouse lawn to reach the booking desk but both fell over an unmarked wire stretched between two parking meters which was obscured by high grass and nighttime darkness. Although unclear from the record, apparently the wire had been stretched between the parking meters by Sedgwick County employees to discourage the public

from walking on the courthouse grass. Plaintiff brought this action to recover damages for personal injuries arising from his fall over the wire. Motions to dismiss were filed by defendant police officer and the two defendant cities. The district court granted said motions and no appeal has been taken from said dismissals. The defendant Board of County Commissioners filed a motion to dismiss predicated on governmental immunity as provided by K.S.A. 1978 Supp. 46-902(*b*) and said motion was overruled. The district court duly certified the issue of the defendant county's claim of governmental immunity as a proper subject for interlocutory appeal pursuant to K.S.A. 60-2102(*b*) and the defendant county then perfected this interlocutory appeal.

The sole issue on appeal is whether maintenance of county courthouse grounds is a governmental function under K.S.A. 1978 Supp. 46-902(*b*).

A brief discussion of the history of K.S.A. 1978 Supp. 46-902(*b*) and its purpose is appropriate.

The judicially created doctrine of governmental immunity of a municipality for the negligent acts of its officers or employees in the performance of a governmental function was judicially abolished by this court in *Gorrell v. City of Parsons*, 223 Kan. 645, 576 P.2d 616 (1978). The 1978 Kansas Legislature, in direct response to the *Gorrell* decision, amended K.S.A. 46-902 (Weeks) to include:

"(*b*) Except as may be otherwise specifically provided by statute and except for causes of action based upon nuisance and, in the case of cities, actions based upon negligent failure to correct defects in streets, *local units of government shall be immune from liability and suit for torts committed by officers or employees of such local unit of government when engaged in a governmental function.* The provisions of this section shall not affect, change or diminish any procedural requirement necessary for recovery from any local unit of government, nor shall it grant any immunity to a local unit of government when engaged in a proprietary function." (Emphasis supplied.)

This amendment, effective May 16, 1978, further provided that the provisions of the statute would expire July 1, 1979 (the effective date of the Kansas Tort Claims Act [K.S.A. 1982 Supp. 75-6101 *et seq.*]). The unfortunate incident involved in the case before us occurred May 17, 1979—clearly within the time period in which governmental immunity had been reimposed by statute. Hence the sole issue before us is whether maintenance of

the grounds of the Sedgwick County Courthouse is a governmental function. If such activity is a governmental function, then defendant Board of County Commissioners is immune from suit and the district court erred in overruling said defendant's motion to dismiss.

In *State ex rel. Schneider v. McAfee*, 2 Kan. App. 2d 274, 578 P.2d 281, *rev. denied* 225 Kan. 845 (1978), the Court of Appeals distinguished governmental from proprietary functions, stating:

"Governmental functions are those which are performed for the general public with respect to the common welfare and for which no compensation or particular benefit is received, while proprietary functions are exercised when an enterprise is commercial in character or is usually carried on by private individuals or is for the profit, benefit or advantage of the governmental unit conducting the activity. *Brown v. Wichita State University*, 217 Kan. 279, 305, 540 P.2d 66 (1975) (Brown I); rehearing granted and opinion modified in *Brown v. Wichita State University*, 219 Kan. 2, 547 P.2d 1015 (1976) (Brown II) and cases cited therein." 2 Kan. App. 2d at 276.

See also Prosser, Law of Torts § 131, pp. 977-84 (4th ed. 1971); Black's Law Dictionary 826 (4th ed. rev. 1968); Black's Law Dictionary 626 (5th ed. 1979).

In determining whether a function is governmental, the test is whether the activity in question is carried on for the use and benefit of the general public. *Shoemaker v. City of Parsons*, 154 Kan. 387, 391, 118 P.2d 508 (1941). If an activity is governmental in character the municipal corporation is immune.

In *Harford County v. Love*, 173 Md. 429, 196 A. 122 (1938), Anna M. Love was on her way to the women's lavatory in the basement of a county courthouse when, by virtue of faulty construction and poor lighting, she fell on a staircase. After noting at common law no civil action would lie against a municipal corporation for the neglect of a public duty imposed upon it as the agent of the public by law for the benefit of the public generally, 173 Md. at 431, Maryland's highest court proclaimed:

"The maintenance of a court house is a distinctive function of government. It is requisite for the convenient administration of public justice. The buildings devoted to that primary purpose in the counties are also customarily used by the county commissioners in the performance of their functions as the governing body of the county, and by other officials who are engaged in rendering essential public services. The judicial and administrative purposes to which such buildings are devoted necessarily impress them with a governmental character." 173 Md. at 433.

See also *Erpenbeck v. City of Covington,* 253 Ky. 233, 69 S.W.2d 338 (1934); and *Hilgers v. Woodbury County,* 200 Iowa 1318, 206 N.W. 660 (1925).

The maintenance of the Sedgwick County courthouse is clearly a governmental function and plaintiff does not seriously contend otherwise. Is maintenance of the courthouse grounds likewise a governmental function? We believe it is.

*Frost v. City of Topeka,* 98 Kan. 636, 161 Pac. 936 (1916), involved a situation where a young child had gone to a detention hospital where his parents were quarantined for smallpox. The defendant city operated the hospital. The detention hospital was required to have its own water supply and sewage system. While such system was being installed on the hospital's grounds, dynamite was used. Blasting caps were negligently left on the grounds, and the child was severely injured when one of the caps was found and detonated by the child at play. The court held that the operation of the detention hospital was a governmental function and that:

"It makes no difference in principle whether the building or *the grounds appurtenant to the building be defective,* and it makes no difference whether the dangerous agency act by penetration or by concussion." 98 Kan. at 638-39. (Emphasis supplied.)

Inasmuch as the operation and maintenance of the courthouse is a governmental function, it is logical that the maintenance of its grounds is likewise a governmental function. Liability should not be dependent on which side of the courthouse door an injured party fell.

In support of his contention that maintenance of the courthouse grounds is a proprietary function, plaintiff relies on *Spear v. City of Wichita,* 113 Kan. 686, 216 Pac. 305 (1923). Such reliance is misplaced. While working in a city park, Spear was directed by his foreman to cut down a tree and was injured in the process of felling the tree. The *Spear* case arose prior to the enactment of worker's compensation legislation and is concerned solely with the master-servant relationship. Taken in the light most favorable to plaintiff herein, *Spear* only stands for the proposition that even when functioning in a governmental capacity, an employer city must provide its employees with a safe place to work.

We conclude the maintenance of the courthouse grounds

herein was a governmental function within the purview of K.S.A. 1978 Supp. 46-902(*b*) and the defendant Board of County Commissioners is immune from liability herein. It therefore follows the district court erred in overruling said county's motion to dismiss.

The district court order overruling defendant county's motion to dismiss is vacated and the case is remanded with directions.