AUGUSTA DOERR, PLAINTIFF-APPELLANT, v. CITY OF
NEWARK, DEFENDANT-APPELLEE.

Submitted May 5, 1942—Decided July 22, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
PORTER.

For the plaintiff-appellant, *Perry E. Belfatto.*

For the defendant-appellee, *Raymond Schroeder,* corpora-
tion counsel, the City of Newark (*Louis A. Fast,* of counsel).

PER CURIAM.

The plaintiff appeals from a judgment for the defendant,
resulting from an order of the learned trial judge, striking
out the complaint because it failed to show a cause of action.

The complaint says that the defendant, a municipal corpo-
ration, is engaged in the business of supplying water to its
citizens; that the plaintiff is a citizen and property owner
and that the municipal defendant maintained an office in its
city hall in the City of Newark for the purpose of transact-
ing the business of the sale of water; that it was the duty
of the City of Newark, under the circumstances, "to use such
due and proper care in and about said city hall so as to
maintain and keep said city hall in a reasonably safe and
secure manner and so as to make said city hall reasonably
safe and secure for the persons entering in and upon the
same for the purpose of transacting" such business; that on
the 1st day of November, 1938, the city hall was maintained
in a "careless, dangerous, negligent and hazardous manner"
as a direct and proximate result of which the plaintiff, while

in the city hall for the purpose of transacting the business of paying a water bill, was thrown to the ground and injured. A second count alleges that the manner in which the city hall was maintained constituted a nuisance which was the direct cause of the plaintiff's fall and injury.

The appellant's brief says that the municipality maintains its "water office" in the city hall at Newark, New Jersey; that the appellant went to the city hall for the purpose of paying a water bill; that when she was on the city hall premises for said purpose she fell and was injured.

The municipality moved to strike the complaint, relying upon the statute (*N. J. S. A.* 40:9-2) which provides as follows: "No municipality or county shall be liable for injury to a person from the use of any public grounds, buildings or structures, any law to the contrary notwithstanding."

Appellant disputes applicability of this statute and says the case of *Fay* v. *City of Trenton*, 126 *N. J. L.* 52, is controlling. This authority is not pertinent. There the plaintiff was injured by stepping on the lid of a water meter box located on the *public highway*, which tilted under her weight and caused her injury. The pleaded facts in the instant case are quite different. Plaintiff here went to the city hall to pay a water bill and fell somewhere on the premises. The complaint does not state where or how. The allegation in the second count of the complaint—that the careless manner in which the city hall was kept amounted to a nuisance—adds nothing to the value of the pleading. Assuming for argument that the plaintiff would have a cause of action if she suffered injury through the negligent maintenance of the office for transacting the business of the water department—certainly her right in this direction cannot be extended to cover injuries suffered elsewhere in the building separate and apart from the municipal water department. This case, we think, is controlled by the principle enunciated in *Bisbing* v. *Asbury Park*, 80 *N. J. L.* 416 (at *pp.* 423, 424).

The judgment should be affirmed, with costs.