326 So.2d 256 (1975)
CITY OF TALLAHASSEE, a Municipal Corporation, and the Hartford Insurance Company, a Foreign Corporation, Petitioners,
v.
Roger Ferrell ELLIOTT, Administrator for the Estate of Roger Ferrell Elliott, Jr., Deceased, Respondent.
No. X-308.
District Court of Appeal of Florida, First District.
October 23, 1975.
Rehearing Denied February 20, 1976.
*257 Anne C. Booth and Edgar C. Booth, Hall & Booth, and Bryan W. Henry, Tallahassee, for petitioners.
Murray M. Wadsworth and Cass D. Vickers, Thompson, Wadsworth & Messer, Tallahassee, for respondent.
PER CURIAM.
Petition for Writ of Certiorari is denied. See Bray v. City of Winter Garden, 40 So.2d 459 (Fla. 1949), and Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957).
RAWLS, Acting C.J., McCORD, J., and SMITH, SAMUEL S., Associate Judge, concur.

On Petition for Rehearing
RAWLS, Acting Chief Judge.
The City of Tallahassee filed its petition for common law certiorari from an order denying its motion to dismiss Counts II and III of a second amended complaint. The two counts allege negligence by the city in maintaining a drainage ditch and culvert which allegedly resulted in the death of Roger Ferrell Elliott, Jr. We denied certiorari citing Bray v. City of Winter Garden, 40 So.2d 459 (Fla. 1949), in which the Supreme Court held that the maintenance by a city of a drainage system is a corporate (proprietary) function and that a city is liable for its torts committed in the maintenance of said system.
The City of Tallahassee strenuously insists that this court's opinion in Nobles v. City of Jacksonville[1] (Nobles #2), which was filed after briefs and argument in the instant case, requires reversal. Unfortunately, our opinions in Nobles v. City of Jacksonville[2] (Nobles #1) and Nobles #2 have been misinterpreted not only by the city but by our sister court, the Fourth District Court of Appeal, in Gordon v. City of West Palm Beach.[3]
This court's opinion in Nobles #1 was rendered on the issues pled and joined by the parties. There, plaintiff-appellant alleged negligence on the part of the city to which defendant-appellee city filed its denial. The trial court entered summary judgment in favor of appellee city, apparently on the premise that the city had no duty with reference to the maintenance of a bridge located in its city limits which had been constructed and maintained by the state. The issue of "governmental" or "proprietary" function was not raised by *258 the parties. The author of this opinion (Rawls, J.) injected the issue of governmental immunity in Nobles #1 by stating in his dissent: "A municipality cannot be held liable in tort for breach of governmental duty over the public generally." Upon reversal and remand, the trial court granted the city's motion to amend its answer to assert the defense of governmental immunity. Thereafter, the trial court granted a directed verdict in favor of the city.
In Nobles #2, appellant primarily urged this court to adhere to the Hargrove[4] doctrine without the limitation imposed by Modlin.[5] In so doing, appellant necessarily conceded that the facts involved in Nobles constituted governmental functions as distinguished from proprietary functions, because the Modlin limitation relates solely to acts of a city in a governmental capacity, viz:
"In an effort to correct our error and the resulting confusion, we deem it advisable to attempt to define more clearly the boundary of remaining municipal tort immunity. As noted above, the Hargrove decision specifically reserved municipal tort immunity in the exercise of legislative, judicial, quasi-legislative, and quasi-judicial functions.
......
"It is a well recognized principle of tort law that a fundamental element of actionable negligence is the existence of a duty owed by the person charged with negligence to the person injured. 23 Fla.Jur., `Negligence,' Sec. 10. However, there is also a doctrine of respectable lineage and compelling logic that holds that this duty must be something more than the duty that a public officer owes to the public generally."
Our opinion in Nobles #2 clearly pinpointed a conclusion necessitated by Modlin, supra.
To summarize, Nobles involved a bridge constructed, maintained and owned by the State of Florida which was situated within the limits of the City of Jacksonville. The duty imposed upon the city as to this bridge was clearly set out in Nobles #1; that is, a recitation of excerpts of a city ordinance directing its employee, the sheriff, to enforce the provisions of the ordinance. Like the building inspector in Modlin, supra, the sheriff owed a duty to the public generally. Thus, the Nobles #2 decision falls squarely within the rationale of Modlin.
We emphasize that this court did not hold in Nobles that the construction, maintenance and repair of streets are not the exercise of proprietary functions. The reason is that the City of Jacksonville, in Nobles, was not charged with the duty of the construction, maintenance or repair of a bridge owned by the State of Florida. Such was the undisputed duty imposed upon the state. Thus, the Fourth District Court of Appeal's observation in Gordon, supra, that: "The District Court held as a matter of law the City of Jacksonville was not liable for negligence in maintaining a bridge with steel grating in the roadbed which when wet constituted a dangerous... ." is an incorrect interpretation of the facts involved in Nobles. We did not so hold.
The City of Tallahassee cites other cases involving drainage of sewage, which it maintains entitles it to the doctrine of sovereign immunity in the instant case. We find such cases inapplicable to the facts alleged herein. Once again and finally, we withdraw from injecting this court into the trial stage of this action formally cognizable at law, and pursuant to Bray v. City of Winter Garden, supra, the petition for rehearing is denied.
MILLS and McCORD, JJ., concur.
NOTES
[1] Nobles v. City of Jacksonville, 316 So.2d 565 (1 Fla.App. 1975).
[2] Nobles v. City of Jacksonville, 265 So.2d 550 (1 Fla.App. 1972).
[3] Gordon v. City of West Palm Beach, 321 So.2d 78 (4 Fla.App. 1975).
[4] Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957).
[5] Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967).