435 So.2d 830 (1983)
Lorenzo PEREZ, et al., Petitioners,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
Alphonso JOA, et al., Petitioners,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
Nos. 62356, 62327.
Supreme Court of Florida.
July 21, 1983.
Arnold R. Ginsberg of Horton, Perse & Ginsberg, Miami, and Marvin Weinstein, Miami Beach, for Lorenzo Perez, et al.
*831 R. Benjamine Reid and Patricia H. Thompson of Kimbrell, Hamann, Jennings, Womack, Carlson & Kniskern, Miami, for Alphonso Joa, et al.
Alan E. DeSerio, Appellate Atty., Jay O. Barber, Trial Atty., and John H. Beck, General Counsel, Dept. of Transp., Tallahassee, for respondent.
OVERTON, Justice.
These are two petitions to review one decision of the First District Court of Appeal reported as Perez v. State, Department of Transportation, 414 So.2d 544 (Fla. 1st DCA 1982). In their pleadings against the Department of Transportation, Perez and Joa raised three claims arising from an automobile accident which occurred on a bridge on the MacArthur Causeway in Miami. They alleged that the Department of Transportation was negligent (1) in designing the bridge, (2) in failing to upgrade and improve the bridge, and (3) in failing to warn motorists of a dangerous condition existing on the bridge. The trial court entered final summary judgment for the Department of Transportation, finding that the department was immune from suit on each of these grounds because each involved judgmental, planning-level decisions of government. The district court affirmed. We find conflict with our decisions in Ralph v. City of Daytona Beach, No. 62,094 (Fla. Feb. 17, 1983); City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); and Department of Transportation v. Nielson, 419 So.2d 1071 (Fla. 1982). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash in part the decision of the district court, finding that the petitioners should have a further opportunity to allege that the Department of Transportation failed to warn motorists of a known dangerous condition on the bridge.
The facts, as stated in the district court's opinion, are as follows:
Jose Perez was a passenger in a vehicle driven by .. . Joa on the McArthur [sic] Causeway. The Joa vehicle was traveling on a wet roadway in excess of the speed limit. Upon reaching the steel grating on the draw portion of the bridge, the vehicle suddenly made an abrupt right hand turn of nearly 90 degrees, crossed three lanes of traffic, struck the restraining curb and vaulted through the pedestrian handrail into Biscayne Bay. Perez was thrown from the car and drowned. Perez' parents sued Joa and DOT. Joa filed a third party complaint against the DOT.
414 So.2d at 545.
We agree with the holding of the trial court and the district court that the act of designing the bridge and the failure to upgrade and improve the bridge arise at the judgmental, planning-level of government and are immune from suit under section 768.28, Florida Statutes (1975). We made it clear in Neilson that both the basic design of a roadway and decisions concerning whether or not to upgrade and improve a roadway are judgmental, planning-level functions, as that term was defined in Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979). We note that although the petitioners have used the term "maintenance" in their complaint, it is used in the context of the department's having failed to upgrade the steel-grated portion of the bridge by installing metal studs rather than having failed to maintain the bridge as originally constructed. As we have previously held, a governmental entity can be liable with respect to maintenance where it has failed to maintain existing roads or traffic control devices in accordance with their original design. We emphasized in Neilson that a governmental entity could not be liable where the allegation of failure to maintain was "used to indicate obsolescence and the need to upgrade... ." 419 So.2d at 1078.
With regard to the allegations of failure to warn of a known dangerous condition, the Department of Transportation contends that the decision regarding the placement of warning signs constitutes the placement of traffic control devices under Neilson and is immune to suit because the placement of such devices is within a governmental entity's police power and is a judgmental, planning-level function. We *832 reject this contention. The issue here is not the placement of traffic control devices, but instead concerns the duty to warn of a known dangerous condition. The placement of traffic control devices in general is not the same as the placement of signs warning of a known dangerous condition. The placement of warning devices is a duty and "is in part an exception to the principle set forth in Neilson that an inherent defect in a plan for improvement adopted by a governmental entity cannot subject the entity to liability." Collom, 419 So.2d at 1086. In Ralph, Collom, and Neilson, all of which were decided subsequent to the district court decision in this case, we discussed specific allegations of the failure to warn of a known dangerous condition. In Collom we stated "that when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger." 419 So.2d at 1083. (Emphasis added.) "If the complaint had alleged a known trap or dangerous condition for which there was no proper warning, such an allegation would have stated a cause of action." Neilson, 419 So.2d at 1078.
In the instant case, the summary judgment in favor of the Department of Transportation was entered on the basis that petitioners' allegations concerned judgmental, planning-level functions of government and did not separately consider whether the allegations were sufficient to assert a claim that a known dangerous condition existed on the bridge. Neither the petitioners, the trial judge, nor the district court had the benefit of Neilson, Collom, and Ralph. The record reflects that the petitioners in the instant case attempted to allege in their complaints a failure of the duty to warn of a known dangerous condition. We conclude that we should remand to allow petitioners an opportunity to file amended complaints on this ground. The district court opinion and the trial court summary judgment are approved, however, as they relate to the allegations of negligent design and failure to upgrade and improve the bridge.
For the reasons expressed, we quash in part and approve in part the decision of the district court, and remand for proceedings in accordance with this opinion.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and SHAW, JJ., concur.
ADKINS and EHRLICH, JJ., concur in result only.