BARFIELD, Judge.
Appellant challenges orders dismissing with prejudice both counts of a complaint for wrongful death arising from an accident in which it was alleged that the decedent’s vehicle went through or over the guardrail of a bridge. We affirm the dismissal of the complaint against the contractors who constructed the bridge, but reverse the dismissal of the complaint against the Florida Department of Transportation (DOT).
It is understandable that the trial judge, presented with an ambiguous complaint which appears to merge two causes of action (design defect and failure to warn of a known dangerous condition) in the single count against DOT, determined that the complaint failed to state a cause of action and dismissed it on that ground. Essentially, appellant asserted that DOT should be held responsible for the death of her husband because his accident resulted from a dangerous condition (a guardrail which would not hold cars going reasonable speeds on the bridge) which DOT created, knew about, and failed to correct or to warn against.
DOT correctly asserted that it has no statutory or common law duty to construct an impenetrable barrier, and that absent such a duty, it is immune from liability with respect to its decisions regarding the design of the guardrail. In Perez v. DOT, 414 So.2d 544 (Fla. 1st DCA 1982), this court observed that DOT is not required to place impenetrable barriers along the sides of a bridge. The Supreme Court’s opinion in Perez v. DOT, 435 So.2d 830 (Fla.1983), does not undermine that finding.
However, “when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational level arises to warn the public of or protect the public from, the known danger.” City of St. Petersburg v. Collom, 419 So.2d 1082, 1083 (Fla.1982). Notwithstanding the lack of specific details regarding the allegation of the alleged “dangerous condition” and this court’s comments in Greene v. State, Department of Transportation, 465 So.2d 560 (Fla. 1st DCA 1985), regarding the sufficiency of such an allegation, we find that count one of this complaint contains sufficient allegations of DOT’s negligent failure to warn of a known dangerous condition to withstand a final judgment of dismissal without leave to amend.
This opinion should not be read as a determination that a dangerous condition existed on this bridge, or that DOT had a duty in this case to warn motorists using the bridge that the guardrails may not contain their vehicles. These are matters to be determined at a later stage of the *26 proceedings. We offer no opinion on appellant’s likelihood of succeeding in her claim. We merely hold that the trial court erred by prematurely disposing of this case at this stage of the proceedings.
The dismissal of the complaint against the contractors is AFFIRMED. The dismissal of the complaint against DOT is REVERSED, and the case is REMANDED for further proceedings.
SMITH and JOANOS, JJ., concur.