508 So.2d 354 (1986)
Robert M. ZIEJA, Appellant,
v.
METROPOLITAN DADE COUNTY, Appellee.
No. 86-179.
District Court of Appeal of Florida, Third District.
June 3, 1986.
On Motion for Rehearing June 23, 1987.
*355 Wiggins & Wiggins, and Elena Moure, Miami Shores, for appellant.
Robert A. Ginsburg, Co. Atty., and William L. Petros, Asst. Co. Atty., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
On Motion for Rehearing En Banc June 23, 1987.
PER CURIAM.
The trial court granted Dade County's motion for judgment on the pleadings, finding the county to be free of liability under the doctrine of sovereign immunity. We disagree but affirm on other grounds.
Zieja sustained injuries when he tried to rescue a court clerk in the Metro Justice Building from a knife-wielding attacker. Zieja attempted in his pleadings to state a cause of action against Dade County based upon the common law duty which a landlord owes to protect a business invitee from reasonably foreseeable dangers. Federated Department Stores v. Doe, 454 So.2d 10 (Fla. 3d DCA 1984). Zieja alleged not only that such an attack was foreseeable, but also that the lack of protection was the result of an operational decision concerning security. Pitts v. Metropolitan Dade County, 374 So.2d 996 (Fla. 3d DCA 1979). Sovereign immunity does not apply where the plaintiff demonstrates that the sovereign owes a common law duty and that the breach of that duty was the result of an operational decision. Trianon Park Condominium Assoc., Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985). Zieja has therefore alleged sufficient facts to overcome the defense of sovereign immunity.
The problem, as Dade County correctly points out, is that Zieja failed to allege that he was a business invitee. Consequently, we must affirm the judgment on the pleadings. However, since it is apparent that Zieja can state a valid claim, he should be given the opportunity to amend his pleadings. Cf. Hart Properties, Inc. v. Slack, 159 So.2d 236, 240 (Fla. 1963) (where summary judgment is appropriate, but the record reflects plaintiff otherwise has a valid cause of action, leave to amend should be granted; Cudlipp v. Blue Chip Laundry, Inc., 476 So.2d 783 (Fla. 4th DCA 1985) (same).
Affirmed with directions that the plaintiff be granted leave to amend his pleadings.

ON MOTION FOR REHEARING EN BANC
NESBITT, Judge.
We have granted rehearing en banc in this case to reconsider the question of whether a governmental entity may be held liable, pursuant to the legislature's waiver of sovereign immunity in section 768.28, Florida Statutes (1985), for its negligent operation of a courthouse building.[1] Previously, in our panel opinion, we held that Dade County owed the common law duty of a landlord to protect business invitees from foreseeable dangers within the Metro Justice Building. Since Zieja failed, however, to allege that he was a business invitee, we affirmed the trial court's judgment on the pleadings for Dade County with directions that Zieja be granted leave to amend his complaint. Finding, upon rehearing, that Dade County owed no duty with respect to the operation of the courthouse, we vacate the panel opinion, but again affirm the trial court's judgment.[2]
Zieja was injured in his attempt to rescue a court clerk from a knife-wielding attacker *356 in the Metro Justice Building. Zieja alleged that Dade County, as landlord of the court building, owed a common law duty to protect business invitees from reasonably foreseeable dangers and since the incident was a foreseeable danger the County was liable for negligently failing to provide protection. The trial court granted Dade County's motion for a judgment on the pleadings based upon the doctrine of sovereign immunity.
The first step in determining whether a government is liable for negligent conduct is to decide whether the alleged negligent act could possibly give rise to either a common law or statutory duty. Trianon Park Condominium Ass'n v. City of Hialeah, 468 So.2d 912, 917 (Fla. 1985). If the act is inherently governmental, there can be no duty owed to individual citizens. Trianon, 468 So.2d at 919-20; Reddish v. Smith, 468 So.2d 929, 932 (Fla. 1985). Additionally, the creation of section 768.28, waiving sovereign immunity in certain circumstances, created no new causes of action against a governmental entity which did not previously exist. Trianon, 468 So.2d at 914; Reddish, 468 So.2d at 932. Therefore, absent a recognized duty of care, the governmental entity is not liable, regardless of whether sovereign immunity attaches or is waived by section 768.28. Trianon, 468 So.2d at 919. See also Reddish, 468 So.2d at 932 (where there is no underlying duty the waiver statute is not applicable). Consequently, we must first determine whether it is possible for a duty of care to arise out Dade County's operation of the Metro Justice Building.
As an aid in determining whether there can be an underlying duty of care with respect to the alleged negligent conduct of a governmental entity, the Florida supreme court proposed four categories in which to classify the conduct involved. These are:
(I) Legislative, permitting, licensing, and executive officer functions;
(II) Enforcement of the laws and the protection of the public safety;
(III) Capital improvements and property control functions; and
(IV) Providing professional, educational, and general services for the health and welfare of the citizens.
Trianon, 468 So.2d at 919. If the conduct falls in either category I or II, it is inherent in the act of governing. Trianon, 468 So.2d at 919-20. Since there has never been a common law duty of care with respect to these types of activities, and since section 768.28 does not create any, the governmental entity cannot be held liable for its negligence arising out of such conduct. Trianon, 468 So.2d at 919-20. On the other hand, if the act complained of falls in either category III or IV, it is possible that the governmental entity may owe a duty of care, in which case further analysis of the issues under the doctrine of sovereign immunity and traditional tort law would be necessary. Trianon, 468 So.2d at 920-21.
Turning to the case at hand, we must determine whether the operation of the Metro Justice Building is an inherently governmental activity which cannot give rise to a duty of care, or if the County is merely exercising its property control function thus requiring further analysis. In order to ascertain the character of the activity we must attempt to classify it according to the four previously noted categories. It is Zieja's contention that the operation of the courthouse by the County falls within category III as a property control function. While it is generally true that when a governmental entity decides to operate a structure it assumes the same liability as a private individual in a like circumstance, Avallone v. Board of County Comm'rs of Citrus County, 493 So.2d 1002 (Fla. 1986); see also section 768.28(1), the operation of a courthouse is an activity which is not normally engaged in by private persons. Instead, the construction and operation of the courthouse is carried out by a governmental entity as an essential component to the enforcement of laws and the protection of the public safety. See County Comm'rs of Harford County v. Love, 173 Md. 429, 196 A. 122 (1938); Hartness v. Allegheny County, 349 Pa. 248, 37 A.2d 18 (1944); 12 Fla.Jur.2d, Counties and Municipal Corporations § 240 (1979). It is *357 also essential to the other agencies of government which carry on their day-to-day activities within the building, such as permitting, licensing, tax-collecting, etc. See Love, 196 A. at 124. The operation of the courthouse is, therefore, inherent in the county's act of governing. Cf. Reddish, 468 So.2d at 932 (the decision to transfer prisoners is not an activity normally engaged in by private persons and therefore the act is inherently governmental).
Furthermore, the operation of a courthouse, and like facilities, has traditionally been treated as a governmental function, giving rise to no liability. See Day v. City of Berlin, 157 F.2d 323 (1st Cir.1946) (pay toilet operation in city hall is governmental function); Brooks v. Baldwin County, 273 Ala. 138, 135 So.2d 816 (1961) (very nature of operating courthouse is a governmental function); Dineen v. City and County of San Francisco, 38 Cal. App.2d 486, 101 P.2d 736 (1940) (no liability for injuries which occur in that portion of courthouse used by government for governmental functions); Banks v. Downing, 46 Del. 127, 78 A.2d 865 (Super.Ct. 1951) (maintenance of county courthouse is a governmental function); Griggs v. City of Goddard, 233 Kan. 915, 666 P.2d 695 (1983) (maintenance of courthouse grounds is a governmental function); Howard v. City of New Orleans, 159 La. 443, 105 So. 443 (1925) (maintenance of elevator in courthouse is a governmental function); Love, 196 A. at 124 (county courthouse is impressed with governmental character); State ex rel. State Highway Comm'n. v. Board of County Comm'rs of Dona Ana County, 72 N.M. 86, 380 P.2d 830 (1963) (county courthouse property is maintained by the county in its governmental function); Cox v. City of Cushing, 309 P.2d 1079 (Okla. 1957) (maintenance of city hall is a governmental function); Hartness, 37 A.2d at 19 (maintenance of county courthouse partakes of the nature of a purely governmental function); accord Doerr v. City of Newark, 128 N.J.L. 491, 27 A.2d 198 (N.J. 1942); cf. City & County of Denver v. Austria, 136 Colo. 454, 318 P.2d 1101 (1957) (city went beyond governmental functions in erecting Christmas decorations at courthouse and therefore was liable for negligence in such an activity). "In the absence of a statute imposing such liability, a municipal corporation is not liable for negligence in the construction and maintenance of buildings or apparatus used solely for governmental purposes... . This rule applies to a courthouse and its appurtenances... ." 63 C.J.S. Municipal Corporations § 901 (1950); see also 18 E. McQuillin, Municipal Corporations § 53.92 (3d ed. 1984). Based upon the traditional treatment of courthouse operation as a governmental function and its inherently governmental nature, we find that it falls more squarely within category II. Because Dade County's operation of the Metro Justice Building is inherent in its act of governing, it cannot give rise to an underlying duty. Accordingly, the trial court correctly entered judgment for the County. Since we find that there is no underlying duty with respect to the county's operation of the courthouse, we need not reach the question of whether section 768.28 is applicable.
Since this question is one of great public importance, we certify the following question to the Supreme Court of Florida:
May a county be subject to liability as a landlord for the negligent operation of a courthouse building?
Accordingly, we affirm the judgment under review.
BARKDULL, HENDRY, HUBBART, DANIEL S. PEARSON and FERGUSON, JJ., concur.
Before SCHWARTZ, C.J., and BARKDULL, HENDRY, HUBBART, NESBITT, BASKIN, DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge (specially concurring).
Applying the principles stated in Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla. 1985), I would place the decision to affirm on a holding that the county owed no duty to provide security to third persons like the plaintiff to safeguard them from prisoners within its custody. See Everton v. Willard, 468 So.2d 936 (Fla. 1985); Wong v. City of Miami, 237 So.2d 132 (Fla. 1970). I believe that the court's contrary emphasis on the location of the incident incorrectly resurrects *358 the governmental-proprietary function distinction which I had thought was laid to rest in Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), and would perhaps lead to the unsupportable result of insulating the county from liability in, say, a slip-and-fall case in which it has negligently maintained the courthouse floor.
In accordance with this view, I would certify the following question of great public importance rather than the one framed by the court:
May a county be held liable for injuries arising out of the allegedly negligent failure to provide security from the acts of its prisoners?
BASKIN and JORGENSON, JJ., concur.
NOTES
[1] The legal basis for granting rehearing en banc is that "The case is of exceptional importance." Fla.R.App.P. 9.331(a).
[2] Since Dade County owed no duty to protect Zieja in this circumstance, Zieja would be unable to state a cause of action. Therefore, he need not be granted leave to amend his complaint, as we previously held in our panel opinion.