519 So.2d 43 (1988)
Donald HUGHES, Appellant,
v.
CITY OF FORT LAUDERDALE, Broward County, Alma Woods, Frank McCaskill, Dorothy McClover and Alfreda Johnson, Appellees.
No. 4-86-2281.
District Court of Appeal of Florida, Fourth District.
January 6, 1988.
Rehearing Denied February 18, 1988.
*44 Gordon C. Brydger, of Brydger and Levitt, P.A., Fort Lauderdale, for appellant.
Clark J. Cochran, Jr., of Billing, Cochran & Heath, P.A., Fort Lauderdale, for appellee City of Fort Lauderdale.
Alexander Cocalis, Chief Trial Counsel, and Susan F. Delegal, Gen. Counsel, Fort Lauderdale, for appellee Broward County.
HERSEY, Chief Judge.
Donald Hughes brought an action against several defendants, including the City of Fort Lauderdale and Broward County, for injuries sustained in a collision between his motorcycle and an automobile. He alleged that the accident occurred because foliage obscured a stop sign at the intersection where the accident took place. The trial court entered summary final judgment for both the City and the County and Hughes appeals. The remaining defendants are not involved in this appeal.
The City defends by relying on a contract entered into in 1976 which transferred the duty of "repair and maintenance" of the stop sign in question, and others, to the County.
The County's defense is that "maintenance" does not include clearing foliage from the right-of-way. Alternatively, the County points out that its duties with reference to stop signs are governed by the Manual on Uniform Traffic control Devices for Streets and Highways published by the State Department of Transportation. The manual specifies only that material such as shrubbery should not be permitted to obscure the face of any traffic control sign. The manual also defines "should" as relating to recommended but not mandatory procedures  an advisory condition which places it at the planning level rather than the operational level. Thus, says the County, sovereign immunity shields it from damage claims based upon negligence.
We affirm the summary final judgment entered in favor of the City of Ft. Lauderdale. We agree that the City could and did contract with the County to maintain the traffic control device involved here. As between the City and the County, any duty to prevent the face of the stop sign from being obscured by foliage or other material was effectively transferred by contract to the County.
We do not agree that the County's duty vis-a-vis the stop sign and the motoring public may be absolutely controlled by a manual or regulation adopted by an administrative agency. Thus, we do not subscribe to the County's argument that the obligation to prevent material from obscuring the face of the stop sign was merely advisory and therefore a planning level function simply because the manual says so. This is particularly true where the settled law of Florida is to the contrary. Maintenance is an operational, not a planning level function. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). See also Palm Beach County Board of County Commissioners v. Salas, 511 So.2d 544 (Fla. 1987).
Whether Broward County breached its duty of care by failing to trim foliage which obscured the traffic control device is a genuine issue of material fact which precludes a summary final judgment. As to the County, we reverse the summary final judgment and remand for further proceedings.
*45 AFFIRMED IN PART; REVERSED IN PART; REMANDED.
DOWNEY, J., and OWEN, WILLIAM C., JR., (Retired), Associate Judge, concur.