532 So.2d 696 (1988)
Linda DURRANCE and Darryl Durrance, Appellants,
v.
CITY OF JACKSONVILLE, Appellee.
No. 87-2100.
District Court of Appeal of Florida, First District.
August 31, 1988.
*697 Daniel C. Shaughnessy of Coker, Myers & Schickel, Jacksonville, for appellants.
James L. Harrison, General Counsel, and David C. Carter, Asst. Counsel, City of Jacksonville, for appellee.
ZEHMER, Judge.
The Durrances appeal a final order dismissing with prejudice their amended complaint in a negligence action. They contend the trial court erred in finding that the City of Jacksonville (City) was immune from suit for its negligence in maintaining the floors and hallways of the courthouse building and erred in its reliance on the broad language of Zieja v. Metropolitan Dade County, 508 So.2d 354 (Fla. 3d DCA 1986), cause dismissed, 518 So.2d 1279 (Fla. 1987).
The facts alleged are as follows. On or about November 3, 1982, Linda Durrance was in the Duval County Courthouse when she slipped and fell in a puddle of water, injuring herself. Subsequently, she and her husband filed a complaint against the City seeking damages in excess of $5,000. The complaint alleged a duty on the part of the City to maintain its premises in a reasonably safe condition, a breach of that duty by creating or allowing to exist a known dangerous condition, and injuries to appellant directly and proximately resulting from the negligence of the City. Appellee filed a motion to dismiss the complaint, alleging that it owed no duty of care to appellants. On December 11, 1987, the trial court dismissed the complaint with prejudice based on the authority of Zieja v. Metropolitan Dade County.
The state of Florida has waived sovereign immunity in tort "under circumstances in which the state or such agency or subdivision, if a private person, would be liable to the claimant." Section 768.28, Fla. Stat. (1987). In Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), the supreme court attempted to "clarify the law regarding governmental tort immunity." The court set out four categories in which to classify the conduct of a governmental agency in determining whether there is an underlying duty of care: 1) legislative, permitting, licensing, and executive officer functions; 2) enforcement of the laws and protection of the public safety; 3) capital improvements and property control functions; and 4) providing professional, educational, and general services for the health and welfare of the citizens. 468 So.2d at 919. The court held that conduct which falls within category 1 or 2 is inherent in the act of governing, and the governmental entity cannot be held liable for its negligence arising out of such conduct. Id. at 921. For acts that fall within category 3 or 4, there may be liability because "there is a common law duty of care regarding how property is maintained and operated and how professional and general services are performed." Id. at 921. Regarding the capital improvement and property control functions, the court stated:
As this court has made clear in prior cases, there is no liability for the failure of a governmental entity to build, expand, or modernize capital improvements such as buildings and roads... . A governmental entity's decision not to build or modernize a particular improvement is a discretionary judgmental function with which we have held the courts cannot interfere... . On the other hand, once a governmental entity builds or takes control of property or an improvement, it has the same common law duty as a private person to properly maintain and operate the property.
Id. at 920-21 (citations omitted).
In Zieja v. Metropolitan Dade County, 508 So.2d 354 (Fla. 3d DCA 1986), the plaintiff sought to hold the county liable for injuries he received when trying to rescue a court clerk from a knife-wielding attacker. The Third District, sitting en banc, concluded *698 that the county's operation of a courthouse fell into category 2 of the classifications described in Trianon Park, and as such, the county owed no duty to the plaintiff. The court stated:
While it is generally true that when a governmental entity decides to operate a structure it assumes the same liability as a private individual in a like circumstance, ... the operation of a courthouse is an activity which is not normally engaged in by private persons. Instead, the construction and operation of the courthouse is carried out by a governmental entity as an essential component to the enforcement of laws and the protection of the public safety... .
Furthermore, the operation of a courthouse, and like facilities, has traditionally been treated as a governmental function, giving rise to no liability. .. . Because Dade County's operation of the Metro Justice Building is inherent in its act of governing, it cannot give rise to an underlying duty... . Since we find that there is no underlying duty with respect to the county's operation of the courthouse, we need not reach the question of whether section 768.28 is applicable.
508 So.2d 356-57 (citations omitted).
We perceive a significant difference between the duty to maintain the floor of a building in a safe condition and the potential duty to provide security protection from criminal attacks by third persons. The majority in Zieja declined to recognize this difference. For this reason, we decline to follow Zieja and hold that the City owed appellant no duty to properly maintain the floors of its courthouse. We agree with the statement of Judge Schwartz, specially concurring, that
the [Zieja] court's contrary emphasis on the location of the incident incorrectly resurrects the governmental proprietary function distinction ... laid to rest in Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), and would perhaps lead to the unsupportable result of insulating the county from liability in, say, a slip-and-fall case in which it has negligently maintained the courthouse floor.
508 So.2d at 357-58. The act of maintaining a water-free floor is not an act that is discretionary or one that involves other executive or administrative processes. Rather, this act is more properly classified an act that falls in category 3, relating to capital improvement and property control functions. Since recovery would be allowed against a private person or landlord for the same conduct as that allegedly committed by the City of Jacksonville in this case, the city is not immune from suit under section 768.28. Cf. Avallone v. Board of County Commissioners of Citrus County, 493 So.2d 1002 (Fla. 1986) (once governmental unit assumes common-law duty of operating a swimming pool, it assumes the common-law duty to operate the facility safely, just as a private individual is obligated under like circumstance); see also Dept. of Health & Rehabilitative Services v. Yamuni, 529 So.2d 258 (Fla. 1988) (court receded from any suggestion in Reddish v. Smith, 468 So.2d 929 (Fla. 1985), that there has been no waiver of immunity for activities performed only by the government and not private persons).
We recognize the apparent conflict between our decision and Zieja, and so certify to the supreme court.
This cause is REVERSED and REMANDED for further proceedings.
SHIVERS and THOMPSON, JJ., concur.