544 So.2d 190 (1989)
CITY OF JACKSONVILLE, Petitioner,
v.
Joann MILLS and Phillip Mills, Etc., Respondents.
CITY OF JACKSONVILLE, Petitioner,
v.
Linda DURRANCE, et Vir., Respondents.
Nos. 73060, 73061.
Supreme Court of Florida.
May 25, 1989.
*191 James L. Harrison, Gen. Counsel, and David C. Carter, Asst. Counsel, Jacksonville, for petitioner.
J. Schuyler Fagan and L. Jack Gibney, Jacksonville, for JoAnn Mills and Phillip Mills.
Daniel C. Shaughnessy of Coker, Myers & Schickel, P.A., Jacksonville, for Linda Durrance and Darryl Durrance.
GRIMES, Justice.
We review the decisions in Mills v. City of Jacksonville, 532 So.2d 696 (Fla. 1st DCA 1988), and Durrance v. City of Jacksonville, 532 So.2d 696 (Fla. 1st DCA 1988), which were certified to be in conflict with Zieja v. Metropolitan Dade County, 508 So.2d 354 (Fla. 3d DCA 1986). We have jurisdiction under article V, section 3(b)(4), of the Florida Constitution.
Both of these suits were slip-and-fall actions arising from accidents which occurred in the hallways of the courthouse. In each instance the plaintiff sued the city as the owner of the courthouse for negligent maintenance of its premises. Based upon the rationale of Zieja, both suits were dismissed by the trial court on grounds of sovereign immunity. The First District Court of Appeal reversed both cases.
In Zieja the plaintiff was injured when he attempted to rescue a court clerk in the Metro Justice Building from a knife-wielding attacker. Zieja sued Dade County alleging a violation of the duty to protect business invitees from reasonably foreseeable dangers. The Third District Court of Appeal, sitting en banc, affirmed the dismissal of the complaint on the ground of sovereign immunity. The majority opinion was premised upon the holding that the operation of a courthouse is an inherently governmental activity for which there is no underlying duty of care.
In considering the applicability of Zieja, the First District Court of Appeal stated:
We perceive a significant difference between the duty to maintain the floor of a building in a safe condition and the potential duty to provide security protection from criminal attacks by third persons. The majority in Zieja declined to recognize this difference. For this reason, we decline to follow Zieja. ...
532 So.2d at 698. Indeed, by his special concurring opinion in Zieja, Chief Judge Schwartz pointed out the same distinction:
Applying the principles stated in Trianon Park Condominium v. City of Hialeah, 468 So.2d 912 (Fla. 1985), I would place the decision to affirm on a holding that the county owed no duty to provide security to third persons like the plaintiff to safeguard them from prisoners within its custody. See Everton v. Willard, 468 So.2d 936 (Fla. 1985); Wong v. City of Miami, 237 So.2d 132 (Fla. 1970). I believe that the court's contrary emphasis on the location of the incident incorrectly resurrects the governmental-proprietary function distinction which I had thought was laid to rest in Hargrove v. Town of Cocoa Beach, 96 So.2d 130 (Fla. 1957), and would perhaps lead to the unsupportable result of insulating the county from *192 liability in, say, a slip-and-fall case in which it has negligently maintained the courthouse floor.
508 So.2d at 357-58 (Schwartz, C.J., specially concurring).
Both the First and Third District Courts of Appeal measured the extent of sovereign immunity against the guidelines prescribed by this Court in Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), but reached differing conclusions. In Trianon we explained that in deciding cases involving question of sovereign immunity, it was first necessary to place the governmental activity in question into one of the following four categories:
I. Legislative, permitting, licensing, and executive officer functions.
II. Enforcement of laws and the protection of the public safety.
III. Capital improvements and property control operations.
IV. Providing professional, educational, and general services for the health and welfare of the citizens.
Sovereign immunity would apply to the discretionary activities carried on under categories I and II which are inherent in the act of governing because there has never been a common law duty of care with respect to those activities. On the other hand, sovereign immunity is waived for activities falling under categories III and IV, excepting those characterized as planning or judgmental.
In Zieja, the majority reasoned that the acts of negligence allegedly committed by the county arose out of the operation of the courthouse. Therefore, because the operation of the courthouse is inherently a governmental function, the court held that the offending activity fell within Trianon category II. On the other hand, the First District Court of Appeal held that the negligent acts of the city alleged to have occurred in the instant cases fell within category III, relating to capital improvement and property control functions. We agree with the latter analysis. While the case was properly decided, the majority opinion in Zieja placed too much emphasis on the location where the injury occurred rather than the nature of the act which brought about the injury. There has always been a common law duty of care with respect to the maintenance of a building. In Trianon we addressed the very issue in the course of our discussion of category III pertaining to capital improvements and property control functions.
[O]nce a governmental entity builds or takes control of property or an improvement, it has the same common law duty as a private person to properly maintain and operate the property.
468 So.2d at 921.
We approve the decisions below of the First District Court of Appeal. We disapprove the rationale of the majority opinion in Zieja.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.