551 So.2d 534 (1989)
Gloria IZZO, Appellant,
v.
CITY OF NORTH MIAMI, Appellee.
No. 88-2043.
District Court of Appeal of Florida, Third District.
September 26, 1989.
William O. Solms, Jr., Coral Gables, for appellant.
Simon, Schindler & Sandberg and Thomas M. Pflaum, Miami, for appellee.
Before BARKDULL, BASKIN and FERGUSON, JJ.
PER CURIAM.
Gloria Izzo slipped and fell when exiting a restroom in the North Miami City Hall. She filed an action to recover damages from the City of North Miami alleging that *535 its negligent maintenance of the entrance and exit of the restroom caused her injuries. The City of North Miami moved for summary judgment, and the trial court, relying on Zieja v. Metropolitan Dade County, 508 So.2d 354 (Fla. 3d DCA 1986) (en banc), review dismissed, 518 So.2d 1279 (Fla. 1987), entered final summary judgment in favor of the City of North Miami. We reverse the summary judgment on the authority of City of Jacksonville v. Mills, 544 So.2d 190 (Fla. 1989). In Mills, the Florida Supreme Court disapproved the rationale of the majority in Zieja, stating that "the majority opinion in Zieja placed too much emphasis on the location where the injury occurred rather than the nature of the act which brought about the injury." Mills, 544 So.2d at 192. The supreme court stated that "there has always been a common law duty of care with respect to the maintenance of a building." Mills, 544 So.2d at 192. That duty falls within Trianon[1] category III pertaining to capital improvements and property control functions to which sovereign immunity does not apply. Accordingly, we reverse the summary judgment and remand for further proceedings consistent with this opinion.
Reversed and remanded.
NOTES
[1] Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985).