WIGGINTON, Judge.
Appellants appeal a final judgment entered, after jury verdict, in favor of appel-lee, State of Florida, Department of Transportation (Department), in their wrongful death action arising from their son’s death as a result of an accident on the Pensacola Bay Bridge. We affirm.
In their complaint, appellants alleged that the Department was negligent in the *168 design and maintenance of the bridge, which is a section of state highway designed, built and maintained by the Department. The allegation of negligence in design and maintenance elaborated that the design of the bridge was deficient and, when those deficiencies later became apparent, the Department failed to correct the defective conditions and failed to warn of the defective design and dangerous conditions.
Prior to trial, the Department moved for a partial summary judgment on the question whether the Department could be found negligent in the design and maintenance of the bridge in light of Perez v. Department of Transportation, 435 So.2d 830 (Fla.1983). In Perez, the court declared:
We agree with the holding of the trial court and the district court that the act of designing the bridge and the failure to upgrade and improve the bridge arise at the judgmental, planning-level of government and are immune from suit under section 768.28, Florida Statutes (1975).
The court noted that while a governmental entity can be held liable with respect to maintenance when it has failed to maintain existing roads or traffic control devices in accordance with their original design, it cannot be held liable when, as here, the allegation of failure to maintain was “used to indicate obsolescence and the need to upgrade....” Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). The court also recognized that allegations of the Department’s negligent failure to warn of a known dangerous condition is actionable. See also Clarke v. Florida Department of Transportation, 506 So.2d 24 (Fla. 1st DCA 1987). In the instant case, that question was presented to the jury and resulted in a verdict unfavorable to appellants.
The trial judge granted the motion for partial summary judgment on the basis of the decisions in Perez and Clarke. Thereupon, the cause proceeded to trial on only the following three-part question: Whether the Department created a known dangerous condition which was not readily apparent; if so, did the Department negligently fail to warn the public of the known danger or to protect the public from a known danger; if - so, was such negligence a legal cause of the death of the decedent. At trial, evidence was presented by both sides on the issue of whether the bridge was built according to the prevailing engineering standards adopted by the American Association of State Highway Officials’ (AASHO) standards for bridge design.
On appeal, appellants have developed the argument that the partial summary judgment was improper because Perez and Clarke are not controlling in this case since the Department did not prove at the summary judgment stage of the proceedings that the Pensacola Bay Bridge was designed and built according to the AASHO standards. We find no basis in that argument for reversal since the Perez and Clarke decisions set forth no requirement that immunity from suit under section 768.-28, Florida Statutes be based upon a showing that the bridge design, adopted by the Department at the judgmental planning-level, complied with any prevailing standards of the day. Those cases merely declare that decisions regarding the design of a bridge are judgmental, planning-level governmental decisions and thereby are immune from suit under section 768.28. Obviously, the quality of the bridge design is a relevant factor, and was considered at trial, in resolving the question of the Department’s liability for failure to warn.
Therefore, since, pursuant to Perez and Clarke, it appears that the Department was entitled to partial summary judgment on the issues of defective design and negligent failure to correct an alleged defect, and since appellants were allowed to present to the jury their theory of the Department’s liability for failure to warn, we affirm the final judgment.
AFFIRMED.
ERVIN, J„ and CAWTHON, Senior Judge, concur.