626 So.2d 249 (1993)
Evelyn Gladys SIMMONDS-HEWETT, Appellant,
v.
Kenneth D. KEATON and State of Florida Department of Transportation, Appellees.
No. 92-2129.
District Court of Appeal of Florida, Fourth District.
September 22, 1993.
Rehearing or Certification and Rehearing Denied November 9, 1993.
Lauri Waldman Ross, Maland & Ross, Miami, and Bruce Benenfeld, E. Randall Beider, P.A., Sunrise, for appellant.
Michele K. Feinzig, Tripp, Scott, Conklin & Smith, Fort Lauderdale, for appellee State of FL Dept. of Transp.
Rehearing or Certification and Rehearing En Banc Denied November 9, 1993.
STONE, Judge.
Appellant sued the Department of Transportation for personal injuries sustained in an accident when a light pole fell on the automobile in which she was traveling. The trial court entered a summary judgment in favor of the D.O.T. on the basis of sovereign immunity. We reverse. Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979).
The claim against the D.O.T. is essentially based on its failure to maintain and inspect the pole. There is no explanation in the record of what caused the pole, which apparently had been in place for approximately twenty years, to fall. The case does not involve claims of any particular hazards or traps. Nor is notice involved except to the extent that another pole allegedly fell in a comparable fashion on the west coast.
The Department asserts that it is immune from suit because the absence of any D.O.T. policy or budget allocation providing for inspections or maintenance of light poles constitutes a planning rather than an operational level activity. However, although a decision not to inspect or maintain property may be "planning" in a generic sense, the supreme court has established a different standard for determining whether conduct is operational or planning in order to resolve whether sovereign immunity has been waived with respect to tort claims arising out of improvements that are in place.
*250 In Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), the court determined that waiver of sovereign immunity issues in tort cases should be resolved by deciding first whether the government acts or omissions fall into any of four categories, one of which pertains to claims involving capital improvements and property control. That category applies here. With respect to that category, the court noted that once improvements have been designed and installed, the government agency or entity has the same duty of care to maintain and inspect its property that a private party would have. Id. at 921. Under such circumstances discretionary conduct is treated as operational activity for which there is no immunity, rather than as planning level activity, for which there is. See City of Jacksonville v. Mills, 544 So.2d 190 (Fla. 1989). In Trianon, the court said, in discussing the capital improvement and property control functions of government,
As this Court has made clear in prior cases, there is no liability for the failure of a governmental entity to build, expand, or modernize capital improvements such as buildings and roads. See Perez v. Department of Transportation, 435 So.2d 830 (Fla. 1983); City of St. Petersburg v. Collom, 419 So.2d 1082 (Fla. 1982); Ingham v. Department of Transportation, 419 So.2d 1081 (Fla. 1982); Department of Transportation v. Neilson, 419 So.2d 1071 (Fla. 1982). A governmental entity's decision not to build or modernize a particular improvement is a discretionary judgmental function with which we have held the courts cannot interfere. See Neilson (decision to upgrade roadway). See also Rumbough v. City of Tampa, 403 So.2d 1139 (Fla. 2d DCA 1981) (operation of sanitary landfill); Romine v. Metropolitan Dade County; 401 So.2d 882 (Fla. 3d DCA 1981), review denied, 412 So.2d 469 (Fla. 1982) (traffic control decisions). On the other hand, once a governmental entity builds or takes control of property or an improvement, it has the same common law duty as a private person to properly maintain and operate the property. See Commercial Carrier (maintenance of traffic control devices); Department of Transportation v. Webb, 438 So.2d 780 (Fla. 1983) (maintenance of railroad crossing); Hodges v. City of Winter Park, 433 So.2d 1257 (Fla. 5th DCA 1983), review denied, 444 So.2d 416 (Fla. 1984) (maintenance of road); Town of Belleair v. Taylor, 425 So.2d 669 (Fla. 2d DCA 1983) (maintenance of foliage on median); City of Tallahassee v. Elliott, 326 So.2d 256 (Fla. 1st DCA 1975), cert. denied, 344 So.2d 324 (Fla. 1977) (maintenance of drainage system).
468 So.2d at 920-21. The Trianon method of resolving sovereign immunity claims was reiterated in Mills:
Both the First and Third District Courts of Appeal measured the extent of sovereign immunity against the guidelines prescribed by this Court in Trianon Park Condominium Association, Inc. v. City of Hialeah, 468 So.2d 912 (Fla. 1985), but reached differing conclusions. In Trianon we explained that in deciding cases involving questions of sovereign immunity, it was first necessary to place the governmental activity in question into one of the following four categories:
I. Legislative, permitting, licensing, and executive officer functions.
II. Enforcement of laws and the protection of the public safety.
III. Capital improvements and property control operations.
IV. Providing professional, educational, and general services for the health and welfare of the citizens.
Sovereign immunity would apply to the discretionary activities carried on under categories I and II which are inherent in the act of governing because there has never been a common law duty of care with respect to those activities. On the other hand, sovereign immunity is waived for activities falling under categories III and IV, excepting those characterized as planning or judgmental.
544 So.2d at 192. The Mills court went on to quote the following language from Trianon:
(O)nce a governmental entity builds or takes control of property or an improvement, it has the same common law duty as *251 a private person to properly maintain and operate the property.
Id. (quoting Trianon, 468 So.2d at 921).
The Department argues that this case is analogous to Perez v. Department of Transportation, recognized in Trianon, in which the court held that the failure to upgrade and improve a bridge to eliminate a hazard is a planning level function resulting in immunity. The D.O.T. contends that its decision not to maintain and inspect essentially is a decision not to upgrade the improvements. However, we find no room in the unequivocal scheme of the supreme court, set out in Trianon, for an exception that would allow the government to shield itself from liability simply by refraining from inspections or maintenance of improvements. Neither would adopting a policy of non-inspection convert a maintenance function into a planning level activity. Cf. Hughes v. City of Fort Lauderdale, 519 So.2d 43 (Fla. 4th DCA 1988); Armas v. Metropolitan Dade County, 429 So.2d 59 (Fla. 3d DCA 1983). Neither rationale is consistent with the guidelines of Trianon and each would require a modification of the Trianon approach to sovereign immunity, reiterated in Mills, that the supreme court alone should enunciate. See Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
We limit our review to the sole issue of governmental immunity. We make no judgment with respect to negligence issues such as duty, foreseeability, reasonable conduct, notice, or proximate cause.
Therefore the judgment is reversed and the cause remanded for further proceedings.
HERSEY and GUNTHER, JJ., concur.