PATTERSON, Judge.
June Glasier appeals from a final summary judgment which determines that the Board of Regents is not liable in this negligence action by reason of sovereign immunity. We reverse.
On July 27, 1988, Glasier attended, as an invitee, an educational workshop at Kiva Hall in the School of Education at the University of South Florida. The Florida Board of Regents operates and maintains the facility.
Kiva Hall is a four-level classroom facility with three elevated tiers descending to a central bottom level. On each tier, tables and chairs are arranged to provide a descending aisle. Stairs connect each tier except the one descent at the end of the “aisle” which leads to the ground level. There is a vertical drop of fifteen inches with no stairs. As Glasier descended the tiers by way of the steps, she reached the last level, stepped off into midair, and fell to the ground level.
In her complaint for negligence, Glasier asserted that the room was improperly designed and maintained and contained a dangerous condition which created a duty to warn. The trial court, relying on Perez v. Department of Transportation, 435 So.2d 830 (Fla.1983), found “that the acts complained of by the Plaintiff, June Glasier, are actually in the nature of a failure to redesign the area of the building in which this accident occurred, not a failure to maintain the existing structure” and granted summary judgment in the Board of Regents’ favor.
In Perez, the supreme court reaffirmed the principle that design and failure to upgrade or improve a facility are planning level decisions within the umbrella of sovereign immunity. Perez went on to hold, however, “that when a governmental entity creates a known dangerous condition, which is not readily apparent to persons who could be injured by the condition, a duty at the operational-level arises to warn the public of, or protect the public from, the known danger.” Perez, 435 So.2d at 832 (emphasis in original) (quoting City of St. Petersburg v. Collom, 419 So.2d 1082, 1083 (Fla.1982)).
When a governmental body assumes the control and operation of a building, it has the same duty of care in the maintenance of that building as does a private person. City of Jacksonville v. Mills, 544 So.2d 190 (Fla.1989); Trianon Park Condo. Ass’n v. City of Hialeah, 468 So.2d 912 (Fla.1985). The layout of the tables is a matter of operation or maintenance and the trier of fact may conclude that creating an “aisle” ending in an unmarked precipice is an act of negligence. Since the circumstances of this ease fall into the category of operational level activities, the Board of Regents does not enjoy the protection of sovereign immunity. Therefore, the trial court erred in granting the summary judgment.
Reversed and remanded.
DANAHY, A.C.J., and ALTENBERND, J., concur.