DAUKSCH, Judge.
Appellant, Tina Thompson, timely appeals an order dismissing her complaint with prejudice.
This ease arose when appellant filed a complaint against appellee, the Florida Department of Highway Safety and Motor Vehicles, for negligence and injunctive relief.[1] In her action for negligence, appellant alleged that appellee, the department responsible for issuing Florida driver’s licenses, had a duty to exercise ordinary care in determining who was properly licensed to drive in the state during the day and at night and that it had breached its duty by negligently 1) revoking her driving privilege for a nonexistent medical condition; 2) failing to recognize that she was qualified to drive during the day and at night for three years and five months; and 3) failing to reinstate her night driving privilege. Appellant alleged that she had suffered damages as a result of having to quit college, losing a college scholarship, losing certain job opportunities, suffering humiliation because she was unable to transport herself and incurring transportation expenses.
Appellee filed a motion to dismiss appellant’s complaint with prejudice for failure to state a cause of action because there was no common law or statutory basis for liability and because it had sovereign immunity under section 768.28, Florida Statutes (1995). The trial court entered an order granting appel-lee’s motion to dismiss and dismissing the *273 action with prejudice, which order appellant has appealed.
The trial court did not err by dismissing appellant’s complaint with prejudice because there is no common law or statutory duty of care with regard to the alleged conduct of negligently revoking and refusing to renew a driver’s license. Appellee correctly contends that this case is controlled by Trianon Park Condominium Ass’n, Inc. v. City of Hialeah, 468 So.2d 912 (Fla.1985). In that case, the supreme court held that in order to determine whether a tort claim for damages is barred by the doctrine of sovereign immunity, the governmental function or activity at issue should be placed in one of the following four categories:
... (I) legislative, permitting, licensing, and executive officer functions; (II) enforcement of laws and the protection of the public safety; (III) capital improvements and property control operations; and (IV) providing professional, educational, and general services for the health and welfare of the citizens.
Id. at 919. See also Dep’t of Health & Rehabilitative Servs. v. B.J.M., 656 So.2d 906 (Fla.1995); City of Jacksonville v. Mills, 544 So.2d 190 (Fla.1989).
The Trianon court found that there was no tort liability for the action or inaction of government officials or employees implementing the discretionary governmental functions described in categories one and two because there has never been a common law duty of care regarding the legislative, executive and police power functions and the statutory waiver of sovereign immunity did not create a new duty of care. Trianon, 468 So.2d at 919. See also B.J.M., 656 So.2d at 912; Mills, 544 So.2d at 192. Because there is a common law duty of care pertaining to property maintenance and operation and the performance of professional and general services, however, it found there could be substantial governmental liability under categories three and four.
Appellee correctly contends that the alleged governmental action at issue in this case, that of negligently revoking and failing to renew appellant’s driver’s license, falls into categories one and two in Trianon because it is a licensing function undertaken to enforce the laws and protect the public safety. See also Huff v. Goldcoast Jet Ski Rentals, Inc., 515 So.2d 1349 (Fla. 4th DCA 1987) (issuance of a permit or license akin to legislative and executive office functions which are immune from liability because they are of the essence of governing). The law provides in part that the department shall issue or extend a license upon “successful passage of any required examination” unless it reasonably believes the licensee is no longer qualified to receive a license. § 322.18(4), Fla. Stat. (1995). Additionally, it may issue a renewal license after it determines the licensee is eligible. § 322.18(5), Fla. Stat. (1995). It may refuse to issue a license if it has reason to believe the licensee is no longer qualified to receive a license. § 322.18(7)(a), Fla. Stat. (1995). It shall not issue any license
(8) To any person, when the department has good cause to believe that the operation of a motor vehicle on the highways by such person would be detrimental to public safety or welfare....
§ 322.05(8), Fla. Stat. (1995). Finally, the drivers’ licenses chapter is to be “liberally construed to the end that the greatest force and effect may be given to its provisions for the promotion of public safety.” § 322.42, Fla. Stat. (1995). Because there has never been a common law duty of care for the discretionary governmental function of revoking and renewing driver’s licenses and the statutory waiver of sovereign immunity did not create a new duty of care, appellee is, as a matter of law, not tortiously liable in this case. The trial court’s dismissal of appellant’s complaint with prejudice was proper as any amendment of the complaint would be an act in futility. See Hewitt v. Taffee, 673 So.2d 929 (Fla. 5th DCA 1996).
AFFIRMED.
PETERSON, C.J., and THOMPSON, J., concur.

. Appellant has not appealed the trial court's dismissal of her action for injunctive relief.